GEORGE ELSEY & another *vs.* ODD FELLOWS' MUTUAL
RELIEF ASSOCIATION & others.

Hampden.     September 23, 1885. — July 3, 1886.

The Pub. Sts. *c.* 115, § 8, provide that a beneficiary association may, "for the pur-
pose of assisting the widows, orphans, or other persons dependent upon deceased
members, provide in its by-laws for the payment by each member of a fixed sum,
to be held by such association until the death of a member occurs, and then to
be forthwith paid to the person or persons entitled thereto, and such fund shall
not be liable to attachment by trustee or other process." An association was
organized under the statute "for the purpose of defraying the expenses of
the sickness and burial of its members, and rendering pecuniary aid to the fami-
lies of deceased members or to their heirs." One of its by-laws provided that
the benefit payable at the death of a member should be applied to the payment
of the expenses of his last sickness and funeral, if not otherwise paid, and "the
balance shall be paid to the person or persons designated by the member in his
application for membership, or last legal assignment, provided such person or
persons are heirs or members of the decedent's family." A member of this
association, in his application for membership, designated his wife as the person
to whom the benefit was to be paid upon his death. Afterwards he attempted
to change the designation from his wife to his mother, who was not living with
him, but who was living with her husband in another town and county. *Held,*
that the attempted designation to the mother was invalid; that the original des-
ignation to the wife remained in force; and that she was entitled to the fund.

BILL IN EQUITY, by a member of the Odd Fellows' Mutual
Relief Association, in behalf of himself and the other members,
against the association, Henry S. Lee, its treasurer, Addie E.
Wetmore, the wife of Davis L. Wetmore, a deceased member of
the association, and Abigail C. Wetmore, the mother of said
Davis, to restrain the payment of a certain fund to said Abigail.
The bill was amended by discontinuing against said Addie E.,
and making her a party plaintiff. Hearing before *W. Allen,* J.,
who dismissed the bill, with costs; and the plaintiffs appealed
to the full court.    The facts appear in the opinion.

*A. M. Copeland,* for the plaintiffs.

*E. H. Lathrop,* for the defendants.

MORTON, C. J.   The first-named defendant is an association or-
ganized under the St. of 1874, *c.* 375.   This statute was amended
by the St. of 1877, *c.* 204, and the two statutes have been contin-
ued and reënacted in the Pub. Sts. *c.* 115.

Section 8, of the Pub. Sts. *c.* 115, provides that such an asso-
ciation may, " for the purpose of assisting the widows, orphans,

or other persons dependent upon deceased members, provide in its by-laws for the payment by each member of a fixed sum, to be held by such association until the death of a member occurs, and then to be forthwith paid to the person or persons entitled thereto, and such fund so held shall not be liable to attachment by trustee or other process." It authorizes an association of a peculiar character. Its object is to enable a man to lay aside a portion of his income or property, in the nature of an insurance upon his life, to be applied at his death to the use of his widow, orphans, or other persons dependent upon him. But the provisions of the general laws relating to life insurance companies do not apply to the association; the fund held by it is not attachable by the creditors of the member, and, by clear implication of the statute, after he has set it aside, he loses the absolute control over it which he has over his other property; he cannot assign it and divert it from the class of beneficiaries described in the statute, and direct its disposition to other persons outside of that class.

It was clearly the intention of the defendant corporation to conduct its business under the authority of this statute, though the agreement of association and the by-laws do not follow the exact words of the statute.

The corporation is formed "for the purpose of defraying the expenses of the sickness and burial of its members, and rendering pecuniary aid to the families of deceased members or to their heirs;" and a by-law provides that the benefit payable on the death of a member shall be applied to the payment of the expenses of his last sickness and funeral, if not otherwise paid, and "the balance shall be paid to the person or persons designated by the member, in his application for membership, or last legal assignment, provided such person or persons are heirs or members of the decedent's family." But the by-law should be construed with reference to the statute, and, if practicable, such a meaning should be given to it as will make the two consistent, for it is not to be assumed that the by-law is intended to go beyond the scope of the statute, and thus violate its provisions.

The two descriptions of the class of beneficiaries, in the statute and in the by-law, would ordinarily include the same persons,

if the word "heirs" in the by-law is construed in its natural sense, as meaning those who, at the time of the designation, would be the heirs or distributees of the member. But if the word "heirs" is given a broader construction, and held to mean any one who may, under any circumstances, be or become an heir of the member, it would greatly enlarge his power to dispose of the fund, and enable him to assign it to persons not within the contemplation of the statute as beneficiaries.

Without deciding whether the word "heirs," as it applies only to personal estate, may not be held to mean distributees, we are of opinion that it is used in the by-law in its limited sense, to designate such persons as would be the legal heirs or distributees of the member at the time of his application or designation. This view is strengthened by the fact that, in the fourth clause of the same by-law, the same words are used in this sense, it being provided that, "if the designator leave no widow, or children, or assignee, then it shall be payable to his heirs."

In the case at bar, Davis L. Wetmore, in his application for membership, designated his wife, Addie E. Wetmore, as the person to whom the benefit was to be paid upon his death. At a later day, he attempted to change the designation from his wife to his mother, Abigail C. Wetmore. It is agreed that his mother was not living with him, but was living with her husband in another town and county. It is not suggested that she was dependent upon him. She was not one of those who would be his heirs, and she was not one of the "members of the decedent's family," within the meaning of the by-law. To give the word "family" the broad construction contended for by the defendants would make the by-law overreach the scope of the statute, and violate its spirit and purpose.

It follows, that the attempted designation to the mother of the deceased member was illegal and invalid, and we need not discuss the question whether it was sufficiently assented to by the directors of the defendant corporation.

As the assignment to the mother was invalid, we think the original designation to the wife remained in force. We can see no reason to suppose that the later assignment was intended to operate as a revocation of the designation to the wife, unless it took effect as a designation to the mother. The scheme of the

by-laws is, that the beneficiary shall be designated by the member in his application for membership, and the benefit shall be paid to such beneficiary, unless there is a subsequent legal assignment. They make no provision for revoking a designation, except by a legal assignment to some other person, assented to by the directors.

We cannot presume that the deceased member intended his assignment to operate as a revocation of the previous designation, in the event of its invalidity as an assignment to his mother, and there is no assent of the directors to any such revocation. We are therefore of opinion that the plaintiff Addie E. Wetmore is entitled to a decree that the fund in question shall be paid to her.

The plaintiff Elsey has no interest in the fund, and cannot maintain this bill; as to him the bill must be dismissed.* ·

*Decree accordingly.*

---

* This point was not argued on either side, and is therefore not made the subject of a head note.