101 291
s59NW 609
133 234

HARRIET D. PETERS v. MELVIN E. PETERS AND FRANK L. PETERS.

*Want of mental capacity—Assignment in extremis.*

The conclusion of the circuit judge that complainant's husband, who, while on his death-bed, assigned notes and mortgages amounting to over $16,000 without her knowledge, she having retired for the night, was mentally incompetent to transact business of that nature, is sustained.

Appeal from Branch. (Padgham, J., presiding.) Argued June 6, 1894. Decided June 26, 1894.

Bill to set aside assignments of certain notes and mortgages. Defendants appeal. 'Decree affirmed. The facts are stated in the opinion.

*Campbell & Johnson* and *Henry C. Loveridge,* for complainant.

*John B. Shipman* (*N. A. Reynolds,* of counsel), for defendants.

MONTGOMERY, J. The bill in this case is filed by the widow of William J. Peters, deceased, to set aside assignments of notes and mortgages amounting to upwards of $16,000, which were made by deceased while confined to his bed by his last illness. The bill avers undue influence exerted by the defendants, and also a lack of mental capacity on the part of decedent to transact business of that nature. Relief was granted complainant below, and defendants appeal.

The case involves only questions of fact, and it would not be profitable to enter into an extended discussion of the testimony, which we have examined with care, and

are fully convinced that the conclusion reached by the circuit judge, who determined that the decedent had not, at the time of executing the instruments, sufficient mental capacity, is correct. While it is true that the complainant's witnesses were not present at the time of the execution of these papers, there was testimony as to decedent's mental condition both before and after, which supports complainant's contention as to the fact of incompetency, and which, when taken in connection with the nature of the disease,[1] the occasion of the act, which was in the middle of the night, and after complainant, who was in the house, had retired to bed, and the fact that no information of the intended transfer was conveyed to her, although she was presumably deeply interested in the subject of her husband's condition, as well as of any deathbed disposition of his property which he should make, is sufficient, as we think, to show a preponderance of testimony.

The decree will be affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.

---

[1] Death resulted from double pneumonia.