MARY A. SMITH *vs.* BOSTON AND MAINE RAILROAD RELIEF
ASSOCIATION.

Suffolk.   March 2, 1897. — March 30, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Beneficiary Association — " Family " — Designation of Beneficiary — Finding
in Favor of Widow living separate.*

Under St. 1882, c. 244, § 1, authorizing a corporation to apply property for the
relief of its members and their " families," a member's sister, who was not de-
pendent upon him and was not living with him, is not a member of his family,
within the meaning of the statute.

Where the last designation of a beneficiary in a certificate of membership in an
association fails, a previous designation of another beneficiary remains in force,
if valid.

In an action upon a certificate of membership issued by a beneficiary association
authorized by statute to apply property for the relief of its members and their
" families," if a finding is made in favor of the widow of the member, who was
living separate from him, it will be assumed by this court that the separation
was a simple living apart without change in the legal relation.

CONTRACT, to recover the sum of $1,000, alleged to be due
under a certificate of membership issued by the defendant asso-
ciation to one James W. Merrill.   Upon the petition of the
defendant, Annie C. Merrill, the widow of James W. Merrill,
was admitted as a claimant of the funds in its hands.

At the hearing in the Superior Court, before *Maynard*, J.,
without a jury, the following facts were agreed.  James W. Mer-
rill is deceased, and at the time of his decease was a member of
the defendant corporation in good standing.  The plaintiff is a
sister, and the claimant is the wife of the deceased, living sepa-
rate and apart from him.  The certificate was originally made
out to the plaintiff on March 1, 1885, the deceased being then a
widower.  Subsequently he married the claimant and surren-
dered the original certificate and procured one in lieu thereof,
wherein the claimant was named as beneficiary.  Afterwards he
and. the claimant separated, and he thereupon surrendered the
certificate in which she was named as beneficiary, and in lieu
thereof took out the one now in suit in which the plaintiff is
named as beneficiary.

The defendant corporation was formed under St. 1882, c. 244, and no other statute is applicable thereto.

In addition to the above facts, the judge made the following finding: " I find as a fact that the plaintiff was neither a member of his [the deceased] family nor was dependent upon him at the time any of said certificates were issued, or during the time they were in force."

Upon the above facts, the judge found for the claimant; and the plaintiff alleged exceptions.

*S. K. Hamilton,* for the plaintiff.

*D. N. Crowley,* for the claimant.

HOLMES, J.    The defendant was organized under St. 1882, c. 244, and it is agreed that no other statute applies to it.   By § 1 of that act the corporation is authorized to receive and apply property " for the improvement and benefit of its members, and for the relief of its members and their families in case of sickness, injury, inability to labor, or other cases of need."   We think it fairly plain that the words " their families " have in view primarily persons living with the member and dependent upon him for help in their support.   As the court finds that the plaintiff, the member's sister, was not dependent upon her brother, and, as we understand it, was not living with him, we are of opinion that she was not a member of his family.   *Tyler* v. *Odd Fellows' Mutual Relief Association,* 145 Mass. 134.   *Elsey* v. *Odd Fellows' Mutual Relief Association,* 142 Mass. 224.

The last designation failing, the previous one remains in force if valid.   *Elsey* v. *Odd Fellows' Mutual Relief Association,* 142 Mass. 224.   *Marsh* v. *American Legion of Honor,* 149 Mass. 512, 515.   *United Order of the Golden Cross* v. *Merrick,* 163 Mass. 374.

The only doubt is whether the previous beneficiary, the member's wife, lost her rights by the separation between her and her husband.   In view of the finding in her favor, we take the separation to have been a simple living apart, without change in the legal relation of the parties.   We assume that such headship and unity of person as is left to husbands by our statutes still remained to the man.   For all that appears, he still contributed to his wife's support.   We cannot say that the finding was wrong.

*Exceptions overruled.*