HARVEY A. BROWER, Respondent, v. SUPREME LODGE NATIONAL RESERVE ASSOCIATION, Appellant.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Benefit Society: BENEFICIARY: MEMBER OF FAMILY.** A son who has come to maturity, and left the father's family permanently, becomes an independent entity and is no longer a member of the father's family; and the father can not be the beneficiary of a certificate taken by a son in a benefit society.

2. ————: ————: DEPENDENT KINDRED. Where the son leaves the home and the father is financially independent of him, the latter is not a dependent kindred so as to become a beneficiary in a benefit certificate, even though they may both be temporarily boarding at the same place.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED.

*James W. Boyd, Brown, Harding & Brown,* for appellant.

(1) Respondent was not a dependent upon his son, Norman J. Brower.   Wagner v. Benefit Society, 70 Mo. App. 161. (2) Respondent was not a member of the family of said son, Norman J. Brower, at the time of the latter's death.   Lister v. Lister, 73 Mo. App. 99; Keener v. Grand Lodge, 38 Mo. App. 543.

*Johnson, Rusk & Stringfellow* for respondent.

(1) Plaintiff was eligible as beneficiary of his son. They were members of the same family. In its limited sense, the word "family" signifies the father, mother and children. Ferbrache v. Grand Lodge A. O. U. W., 81 Mo. App. 268; Lister v. Lister, 73 Mo. App. 99; Grand Lodge v. McKinstry, 67 Mo. App. 82; Galligar v. Payne, 34 La. Ann. 1057; Brooks v. Collins, 11 Bush. 622; Bouvier's Law Dic., tit. Family; Century Dict.; Whaley v. Whaley, 50 Mo. 577; Ballou v. Giles, 50 Wis. 614; 3 Am. and Eng. Ency. of Law (2 Ed.), 963. The reference here is to: Carmicheal v. Ben. Ass'n, 51 Mich. 494; Carpenter v. Ins. Co., 28 Atl. Rep. 943; Grand Lodge v. McKinstry, 67 Mo. App. 82; Putnam v. Southern Pac. Co., 21 Ore. 243; Klotz v. Klotz, 22 S. W. Rep. 551; Young Men's Mut. L. A. v. Harrison, 23 Wkly, Law Bulletin (Ohio), 360;. Folmer's App., 87 Pa. St. 133. And brothers and sisters living together may constitute a family. Duncan v. Frank, 8 Mo. App. 289; Moyer v. Drummond, 32 S. Car. 165; Ben. Ass'n v. Bunch, 109 Mo. 560, and cases cited; 2 Joyce on Ins., sec. 783, and cases cited; Bacon Ben. Soc. and Life Ins., sec. 291.

(2) The statute in question in this case has been construed by our courts, and similar statutes have been so construed by other courts, to provide for two classes of beneficiaries, to-wit, families of members and kindred of members dependent upon them. Grand Lodge v. Elsner, 26 Mo. App. 108 loc. cit. 116; Keener v. Grand Lodge, 38 Mo. App. 543; Hysinger v. Lodge, 42 Mo. App. 629; Hofman v. Lodge, 73 Mo. App. 47; Grand Lodge v. McKinstry, 67 Mo. App. 82; Ferbrache v. Grand Lodge, 81 Mo. App. 268.

ELLISON, J.—This action is based on a benefit certificate issued by defendant to Norman J. Brower and for the benefit of plaintiff who was Norman's father. Norman died and the father instituted this action on the certificate. The case

was here on another occasion and will be found reported in 74 Mo. App. 490. It has been again tried, plaintiff again obtaining judgment.

The question to determine on the present appeal is whether plaintiff is a competent beneficiary under the statute, section 2823, Revised Statutes 1889, reading as follows: "Fraternal beneficial societies may provide for the relief and aid of their members and families, widows, orphans or other kindred dependents of deceased members, or for assisting such as may be sick or disabled, from proceeds of assessments * * *."

The facts are that the deceased had passed his majority and though unmarried, had long been living apart from his father's family, having come into this State from Nebraska and settled in the city of St. Joseph where he was earning an ample competency for his support, and a surplus besides. His father was a man in comfortable financial circumstances, who maintained his home and family in Nebraska and who did not ask or need the aid of any one to maintain himself, his family and home. He came to St. Joseph some two or three months before Norman's death, leaving his family at the home in Nebraska. He was looking for a new location with a view of going into the lumber business. He was in St. Joseph temporarily and had not decided, at Norman's death, whether to select St. Joseph or some other point. While in St. Joseph he and Norman boarded at the same place and roomed together.

We are of the opinion that plaintiff is not a competent beneficiary under the statute above quoted. His claim to be such must, under the statute aforesaid, be put upon the ground, either that he was a member of his son's family, or he was a "kindred dependent" of his son. He does not fill either place.

We need not discuss whether a family which is protected, supported and provided for by the father can be the child's family in the sense of the statute aforesaid. If such family can

not be the child's family, then the plaintiff who is the deceased's father and who remained at the head of the family, providing for and controlling it, could not be of the deceased's family. But passing this by with the concession that a father's family which is controlled and supported by him may also be the child's family, yet it must necessarily be that the family relation should exist. When the child comes to maturity and in the course of nature and our civilization, permanently leaves the home of his childhood and becomes an independent entity, he is no longer a member of the family. Lister v. Lister, 73 Mo. App. 99. Nothing could be clearer than that in this case the deceased was not a member of the plaintiff's family. Elsey v. Odd Fellows, 142 Mass. 224; Hanna v. Hanna, 10 Texas Civil App. 97. They were as separate and distinct as if they had borne no relation to each other. The mere circumstance that the father, who was seeking a new location, should have been temporarily in the same city where his son was engaged in business and boarding at the same place with him, each paying his own board and each being in every way competent and able to take care of himself, can in no sense make either a member of the other's family. To give the word "family" the broad construction contended for by the plaintiff would "overreach the scope of the statute, and violate its spirit and purpose." Elsey v. Odd Fellows, supra.

Neither was plaintiff a "kindred dependent" of deceased. These words, as used in the statute, mean some one of the member's kindred, not included in the term "their members and families, widows, orphans" who are yet dependent upon him. Grand Lodge v. Elsner, 26 Mo. App. 108.

Plaintiff fills the statutory demand as to being of the member's kindred, but he was in no sense dependent on deceased. The statutory word "dependent" must be understood in its ordinary sense; the party making claim to the fund must be in

some way dependent upon the member for sustenance and support. Bacon on Benefit Societies, sec. 261; Ballou v. Gile, 50 Wis. 614; American L. of H. v. Perry, 140 Mass. 580; Elsey v. Odd Fellows, supra.

The cases to which plaintiff has called our attention, and which will be found cited in his brief, do not bear out his view. Whatever may be inferred from them, as applied to the facts of this case, they are against his position. In the case of Ferbrache v. Grand Lodge, 81 Mo. App. 268, the deceased member was the son of the beneficiary and though past majority was living with and being supported by the father. In Grand Lodge v. McKinstry, 67 Mo. App. 82, though the beneficiary, who was (in effect) the adopted son of the member, was not at home at the member's death, he was yet held to be of the family, it being a fact found that he was not absent permanently. The facts of the case at bar distinguish it altogether from these and other authorities cited.

The judgment will be reversed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.