GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN
v. FRANK.

BENEFIT SOCIETIES — CERTIFICATE — INTEREST OF BENEFICIARY — RIGHT TO CONTEST SURRENDER.

The beneficiary named in a mutual benefit certificate has such an interest therein that he may, after the death of the insured, contest the validity of the latter's action in surrendering the certificate, and procuring a new one, payable to a different beneficiary, on the ground that he was mentally incompetent to bring about that result; and, if such claim be established, the original certificate will be held to have remained in force.

Appeal from Wayne; Donovan, J. Submitted April 10, 1903. (Docket No. 30.) Decided May 12, 1903.

Bill of interpleader by the Grand Lodge of the Ancient Order of United Workmen against Lewis M. Frank and

Anna Estella Frank to determine the right to the proceeds of a benefit certificate.   Defendant Anna Estella Frank filed an answer in the nature of a cross-bill, to which defendant Lewis M. Frank demurred; and from an order overruling the demurrer he appeals.   Affirmed.

*Haug & Yerkes*, for defendant Anna Estella Frank.

*Thomas S. Parker* (*Allan H. Frazer*, of counsel), for appellant.

MONTGOMERY, J.   Charles P. Frank, a resident of Detroit, died on the 5th day of February, 1902, leaving at the time of his death, as his heirs at law, his wife, Anna Estella Frank, and his father, Lewis M. Frank.   On April 8, 1887, Charles P. Frank took out a beneficiary certificate for $2,000 in the Ancient Order of United Workmen; making his wife, A. Estella Frank (Anna Estalla Frank), the beneficiary thereunder.   The present bill is a bill of interpleader, setting out that on July 20, 1898, Charles P. Frank surrendered the beneficiary certificate, and took out a new one, payable to his mother, Elizabeth V. Simonton; that Mrs. Simonton died in January, 1900, and Charles P. Frank died in February, 1902.   The bill further sets out that the heirs at law of Charles P. Frank are the defendants, Lewis M. Frank and Anna Estella Frank. In her answer in the nature of a cross-bill, Anna Estella Frank avers that the attempted surrender of the certificate by Charles P. Frank, and the designation of the new beneficiary, made in July, 1898, were made at a time when Charles P. Frank was insane and mentally incompetent, and asked to have this fact so decreed, and that the attempted change of beneficiary be decreed to be null and void, and that the insurance money due be decreed to be paid to her.   To this answer Lewis M. Frank demurred on the ground that the pleadings do not set up a right in defendant Anna Estalla Frank to which the court can apply a remedy, and that she had no vested interest in the beneficiary certificate, and was not a party to the contract, and

is not entitled to raise the question of the insanity of Charles P. Frank.

The answer sets up all the facts necessary to an understanding of the case, and shows the defendant Anna Estella Frank entitled to the relief which she prays, unless it be held that she had no such interest in the subject-matter as entitled her to raise the question of Charles P. Frank's mental incompetency. It is true that, as the beneficiary named in this certificate, she had no vested interest in the certificate of Charles P. Frank prior to his death; but she had a contingent interest, which vested at his death, and, unless there is some imperative rule of law which precludes her from raising the question of his mental capacity, it should be held that she has the right to intervene in this manner. It is the contention of the counsel for Lewis M. Frank that only Charles P. Frank himself, or his heirs at law, could raise the question of his mental incapacity. It is said that the transfer was not void, but voidable, and that the option of voiding it rests only with one having an interest; that during his lifetime Charles P. Frank had such interest; and that at his death his heirs at law are the only ones who had such interest. If this be the correct view, it must rest upon the ground that the heirs at law or representatives were entitled to raise the question because the right is devolved upon them under the statute of distribution or descent, and that one occupying the position of beneficiary, named by the voluntary act of Charles P. Frank, does not stand upon the same vantage ground.

We think this distinction cannot be supported in reason or authority. It has been frequently held that the heirs at law may intervene in such cases after the death of the grantor to set aside a grant made by one mentally incompetent. *Peters* v. *Peters*, 101 Mich. 291 (59 N. W. 609); *Curtis* v. *Brownell*, 42 Mich. 165 (3 N. W. 936); *Rogers* v. *Blackwell*, 49 Mich. 192 (13 N. W. 512). In none of these cases had the party attacking the transaction any vested interest at the time of the alleged transfer. We

think the better rule is that where such an attempt to change the beneficiary is made, and fails because of the want of mental capacity on the part of the insured, the original designation remains in force.   *Elsey* v. *Odd Fellows Mut. Relief Ass'n,* 142 Mass. 224 (7 N. E. 844); *Smith* v. *Railroad Relief Ass'n,* 168 Mass. 213 (46 N. E. 626).   A case quite in point is the recent one of *Ownby* v. *Supreme Lodge Knights of Honor,* 101 Tenn. 16 (46 S. W. 758).

The decree of the court below overruling the demurrer will be affirmed, with costs of this court, and the case remanded for further proceedings.

The other Justices concurred.