LADIES' AUXILIARY OF ANCIENT ORDER OF HIBERNIANS
*v.* FLANIGAN.

1. INSURANCE—CHANGE OF BENEFICIARY—ALTERATION IN CIRCUMSTANCES.

The rule applied in the case of a change in circumstances of a testator, having the effect of revoking the will, does not by analogy relate to an insurance policy, causing a change in the beneficiary designated; and so the marriage of an insured and birth of a child subsequently to the taking out of a policy payable to the father and mother of insured does not change the beneficiary under a mutual benefit certificate, which was subject to change only upon the payment of a fee and filing an application with the lodge secretary.[1]

2. SAME—INTERPLEADER—CONTRACT.

The mere unexecuted intention of an insured to change the beneficiaries could not be considered by the court: the original beneficiaries were entitled to the fund and the insurer has a right to insist that the fund be paid as the contract requires.

[1]On marriage of insured as affecting previous designation of beneficiary, see note to 49 L. R. A. (N. S.) 141.

Appeal from Kent; Searl, J., presiding. Submitted April 12, 1915. (Docket No. 39.) Decided March 31, 1916.

Interpleader by Ladies' Auxiliary of the Ancient Order of the Ancient Hibernians, a mutual benefit insurance association, against Edward J. Flanigan, Bridget Flanigan, and George Hollway, administrator of the estate of Katherine E. Hollway, deceased, for a decree determining the claims of defendants to the proceeds of a certificate of insurance issued to deceased. From a decree in favor defendants Flanigan, defendant Hollway appeals. Affirmed.

*Carroll, Kirwin & Hollway*, for defendant Hollway.

*James H. Campbell*, for defendants Flanigan.

BIRD, J. Complainant, a mutual benefit association, filed a bill of interpleader to have determined the respective claims of the defendants to the proceeds of a $500 certificate of insurance issued by it and delivered to Katherine E. Flanigan, payable to her father and mother, Edward J. and Bridget Flanigan. The date of the certificate was May 9, 1905. In February, 1908, she was married to the defendant Hollway, and had one child by him, who survives her. In May, 1911, she died. It is conceded in the stipulation of facts that after the marriage, the insured delivered the certificate and receipt book accompanying the same to defendant Hollway, and that he thereafter paid all dues and assessments levied thereon, amounting to $14.60. The position taken by defendant Hollway is that after the insured married and gave birth to a child, the designation of her parents in the certificate was thereby revoked, and, inasmuch as she afterwards made no other designation, the fund would be payable upon her death to him as administrator of her estate.

The sections of the by-laws which are stipulated to be material are:

"SECTION 6. Any member desiring any change in her beneficiary certificate must forward fifty cents to the State Secretary with application for the same."

"SECTION 10. Death benefits shall be paid to such person or persons as the deceased members shall have ordained, or if said member has not so ordained then to the administrator or executor appointed by the probate court of the county in which said member resides."

Defendant Hollway contends that, had Katherine E. Flanigan made a will while unmarried, her subsequent marriage and birth of a child would have revoked it (*Durfee* v. *Risch,* 142 Mich. 504 [105 N. W. 1114, 5 L. R. A. (N. S.) 1084, 7 Am. & Eng. Ann. Cas. 785]); that by analogy this rule operates to revoke the designation made in her certificate of insurance, and therefore, under the foregoing by-law, the same is payable to him as her administrator. The difficulty with this attempted analogy is that the rule invoked by counsel applies to and affects property disposed of by will, but does not apply to nor change the terms of an executory contract with third parties. The proceeds of this certificate were never a part of her estate. She never intended they should be. She contracted with complainant that the proceeds should be paid to her parents at her death. She never designated any other beneficiary, but, had she attempted to do so by any other means than those provided by her contract, she could not have enforced it. If she could not have changed the beneficiary in her lifetime without complying with the formalities provided by her contract, it is not clear to us how this common-law rule could do so after she was dead. The complainant may insist upon paying according to the terms of its contract, and the beneficiaries named therein have a right to insist upon it. *Grand Lodge A. O. U. W.* v. *Frank,* 133 Mich. 232 (94 N. W. 731).

Whatever Mrs. Hollway may have intended to do towards changing the beneficiary, she did not do it; neither did she attempt it in any manner known to the complainant. If she intended to change the beneficiary, it was a mere unexecuted intention, and this court has repeatedly held that in such cases the fund must be paid to the beneficiary named. *Supreme Lodge K. of H.* v. *Nairn,* 60 Mich. 44 (26 N. W. 826); *Coston* v. *Coston,* 145 Mich. 390 (108 N. W. 736); *Franken* v. *Supreme Court I. O. F.,* 152 Mich. 502 (116 N. W. 188); *Ancient Order of Gleaners* v. *Bury,* 165 Mich. 1 (130 N. W. 191, 34 L. R. A. [N. S.] 277).

Error is assigned upon the admission of testimony by the beneficiaries to the effect that the insured did not intend to change the beneficiary as being within the statute excluding testimony equally within the knowledge of the deceased. This testimony was doubtless admitted to meet the testimony of the administrator that she intended otherwise. The decree indicates that this testimony was not regarded by the trial court in reaching a conclusion; therefore it will be unnecessary to consider it.

The decree of the trial court was right, and will be affirmed, with costs to the defendants Flanigan.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice McALVAY took no part in this decision.