## NEW YORK LIFE INS. CO. v. HALPERN et al.

### No. 2494.

District Court, W. D. Pennsylvania.
March 11, 1931.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for plaintiff.

Charles H. Sachs and Sachs & Caplan, all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

On January 25, 1929, the plaintiff issued a · policy of insurance to Julius Halpern, wherein it agreed to pay him $100 per month in event of his total disability, and to pay to· Lillian Halpern and Fidelity Trust Company, trustees, the sum of $10,000 in case of his death, with double indemnity in case death was accidental. On April 30, 1929, it issued another policy which differed from the first only in the amount of the yearly premium, and the amounts to be paid upon total disability and upon death. By the second policy it was agreed that $150 per month was to be paid upon total disability, and $15,000 to the beneficiaries, upon death of insured, with double indemnity in case of accidental death. Each policy contained a provision which made it incontestable after two years from its date except for nonpayment of premium and as to provisions relating to disability and double·indemnity.

.On September 15, 1930 plaintiff tendered the return of the premiums theretofore paid and sought to rescind both of the policies by reason of the alleged fact that each policy had been obtained by means of certain false answers to questions concerning the health of the insured which were given by him upon his medical examination in connection with his applications for the policies. The application was made a part of each contract of insurance and a copy attached to the policy.

On December 26, 1930, Julius Halpern, the insured, brought an action against plaintiff in the court of common pleas of Allegheny county to recover disability benefits under the policies. On the same day that it filed its bill in the instant case, plaintiff caused such action to be removed to this court. In and by its bill the plaintiff seeks the cancellation of the policies, and, pending final disposition of the bill, prays that the defendants be enjoined from instituting any further actions against the plaintiff, and that the defendant Julius Halpern be enjoined from further proceeding upon the .suit already brought by him. The defendants have jointly answered plaintiff's bill, denying fraud and praying the dismissal of the action on the ground that plaintiff has an adequate remedy at law in a defense of the suit brought against it by Julius Halpern.

The matter has been heard upon plaintiff's motion for a preliminary injunction and ·the question of law raised by defendants' answer.

It has been held by the Supreme Court of the United States that fraudulent representations and suppressions of facts may be established by insurance companies in defense of actions at law brought against them upon the insurance contracts. Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188. In the cases cited, however, the insured were dead and the interests under the policies had fully vested in the beneficiaries. In the instant case the insured is alive, and the interests of the beneficiaries, whether termed "vested" or "mere·expectancies," are not the same interests as existed in the beneficiaries in the cases last mentioned. Our decision herein would seem to depend largely upon whether the beneficiaries are in privity with Julius Halpern, and, as a consequence, whether the plaintiff company could properly plead a verdict against Halpern as res judicata upon subsequent suit against it by the beneficiaries to recover death benefits. In this connection counsel for plaintiff has pointed out that the suit brought by Mr. Halpern is for disability benefits, and that a general verdict against him would not be a necessary finding that the policies had been procured by fraud, but might be founded upon his failure to establish his disability. To this proposition counsel for the present defendants counter with the assertion that the life insurance company could demand a special verdict which would set out the findings of fact in respect to its fraud defense, and that the refusal to require such a special verdict would be reversible error.

This contention of counsel for defendants has considerable force, but it does not answer the principal question involved—the effect upon the beneficiary of a judgment against the insured. Many cases have been called to our notice which discuss the interest of the beneficiary in a policy of life insurance in which the insured has reserved the right to change the beneficiary, but none of them deal directly with the question of privity between the insured and the beneficiary. All agree that the beneficiary in·a policy, wherein the right to change the beneficiary is reserved to the insured, has a tangible interest, although not all of them speak of it as "vested." Certain of the cases speak of the interest as a defeasible vested interest. In certain cases it has been held that the interest

was such that it could not be defeated except by strict conformity with the policy provisions in respect to change of beneficiaries. Indiana Nat. Life Ins. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; Roberts v. Northwestern Nat. Life Ins. Co., 143 Ga. 780, 85 S. E. 1043; Brown v. Life Ins. Co. of Virginia, 114 S. C. 202, 103 S. E. 555; Security Co., etc., v. Pacific Mutual Life Ins. Co., 14 Pa. Dist. R. 554. In Grand Lodge A. O. U. W. v. Frank, 133 Mich. 232, 94 N. W. 731, it was held that the beneficiary had such an interest as enabled her to maintain a suit to set aside a change of beneficiary on the ground of insanity of insured at the time of change. A number of cases uphold the right of the beneficiary to assign his interest under the policy prior to the death of insured. 2 Cooley, Briefs on Insurance, 1810; Peake v. Lincoln Nat. Life Ins. Co. (C. C. A.) 15 F.(2d) 303. In Chase Nat. Bank v. U. S., 278 U. S. 327, 49 S. Ct. 126, 127, 73 L. Ed. 405, 63 A. L. R. 388, a case in which it was held that the proceeds of policies similar to the one under discussion should be included in the estate of the insured decedent for taxable purposes, Mr. Justice Stone, in the opinion stated: "It is true, as emphasized by plaintiff, that the interest of the beneficiaries in the insurance policies effected by decedent 'vested' in them before his death and that the proceeds of the policies came to the beneficiaries, not directly from the decedent, but from the insurer." One may well infer from his use of quotation marks in connection with the word 'vested', that Mr. Justice Stone did not intend to commit himself to a declaration that the beneficiary's interest was vested in the ordinary acceptation of the word, but did intend a recognition of that interest as distinct and tangible, although not such an interest as would make illegal a tax upon the amount of the policy as a transfer of property from the insured.

Some cases may be found which are not in accord with all of the views advanced in the cases mentioned supra. For example, in the opinion in Birnie v. Birnie, 67 Pa. Super. Ct. 74, it is asserted that the beneficiary in a policy, which was subsequently surrendered and replaced by another in which another beneficiary was named, had no standing to claim the death benefits of the policy, even though the by-laws of the issuing benefit association had been violated in the cancellation of the policy and issuance of the succeeding policy. In the opinion are quoted the words of Mr. Justice Brown in Noble v. Beneficiary Ass'n, 224 Pa. 298, 73 A. 336,

132 Am. St. Rep. 783, in which he describes the interest of the beneficiary as merely an expectancy, and states the same opinion as that expressed by the Superior Court in respect to the lack of power of the original beneficiary to question a change of beneficiary even though the by-laws of the insuring association have not been strictly observed.

The Pennsylvania cases last mentioned, while they tend to minimize the interest of the beneficiary, do not hold that he has no interest or that he is privy in interest with the insured and is concluded by any judgment against him. In a recent decision of the Pennsylvania Superior Court, Shoemaker et al. v. Sun Life Ins. Co., 15 Advance Rep. 280, the court makes it plain that its language in Birnie v. Birnie, supra, was applicable only to the state of facts then before it, as it held: "The holder of a policy of life insurance who desires to change the beneficiary can do so only in accordance with the terms of the policy: See Kress v. Kress, 75 Pa. Super. Ct. 404; Herrod v. Kimbrough, 83 Pa. Super. Ct. 238, and Grant v. Faires, 253 Pa. 232 [97 A. 1060]."

In Mutual Life Ins. Co. v. Thompson et al. (D. C.) 27 F.(2d) 753, 754, wherein he was considering an allegation of misjoinder of causes of action and lack of jurisdictional amount, Judge McDowell said: "Mrs. Thompson [beneficiary in one policy] has no interest in the last policy, but she is an indispensable party in respect to the first policy." The legal profession generally seems to agree with this remark, as an examination of the reported cases will show that, in every case in which a bill has been filed for cancellation during the life of the insured, the beneficiary has been joined as a party.

The only case called to our attention which is parallel in its facts with the instant case was New York Life Ins. Co. v. Jensen et al. (D. C.) 38 F.(2d) 524. In that case the action in equity was instituted after suit at law had been brought in the state court and removed to the District Court. The plaintiff, as here, was seeking to recover disability benefits. The court (Munger, District Judge) held that the insurer did not have a complete and adequate remedy at law, and enjoined procedure in the action at law until the equity case had been decided. Despite the substantial identity of its facts with those of the instant case, the Jensen Case has no great persuasive value in our present inquiry, as the only reason given in support of the decision is based upon a state proce-

dure statute, under which, it is asserted, the plaintiff had full power to discontinue his law case at any time after the expiration of the contestability period of the policy, and thus leave the insurance company without any power to assert the fraud upon it. The reason assigned would not apply to this circuit, in which the court could, and doubtless would, refuse to allow a discontinuance which would have such a result. But we concur in the result of the Jensen Case, although the reason given is not applicable to this action. The relationship of insured and beneficiary in the policy under consideration is not such, in our opinion, that a judgment against the insured, suing to recover disability benefits, would be res judicata against the beneficiaries in an action for death benefits. The amount which goes to the beneficiary after death of the insured may be regarded, under the special tax statute of the United States, as a transfer of property from the insured to the beneficiary. (Chase Nat. Bank v. U. S., 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388); but that statute does not extend to controversies between the insurer and either the insured or the beneficiary. Except within the purview of the statute, the beneficiary is not the heir of the insured, but has a present interest—an interest subject to defeasance, it is true, but unless and until defeasance is a vested interest. The insurer claiming fraud in the application can have no complete and adequate remedy without joining the beneficiary as a party. Although counsel for defendants have consistently denied the accuracy of this conclusion, they contend that, even if it were to be accepted as true for the sake of argument, it does not follow that the defendant Julius Halpern should be enjoined from present procedure with his action at law for disability benefits. They assert that the insurance company, by filing the bill in the instant case, has instituted the contest contemplated by the policy of insurance, and that it could successfully plead the bill to defeat any limitation claim advanced by the beneficiaries in event it were dismissed for any reason other than upon its merits. In this contention counsel are supported by a decision of the Circuit Court of Appeals for the Eighth Circuit. New York Life Ins. Co. v. Hurt, 35 F.(2d) 92. The circumstances of that case, however, are not those of the present case. In that case the insured was dead, and the action at law had been instituted prior to the equity action, and all parties in interest were parties. In this case the insured is not dead, and all parties have not been joined in the action at law. Assuming that the filing of

the bill served to wipe out the contestability clause, many years might ensue before the insurance company would be given the opportunity to establish the fraud alleged in a suit brought by the beneficiary; and, by the time the matter came on for hearing, all its evidence might have been lost by death or disappearance. And even if all testimony were still available, if the directions of the Circuit Court of Appeals in the Hurt Case, supra, should be followed in respect to the manner of trial, the defensive matter set forth in plaintiff's bill would be heard by the judge as a chancellor, and passed upon by him prior to submission of the case to the jury.

As affecting the beneficiaries' interest and the necessity of their appearance as parties in order that entire equity be done, attention is called to the indorsement upon the original policy whereby a change of beneficiary was effected. It reads as follows: "Original Policy endorsed as follows: Lillian Halpern, Wife and Fidelity Title and Trust Company of Pittsburgh, Pa., as Trustees in accordance with the terms of a trust Agreement dated July 26th, 1929 with power of revocation reserved."

Under all the circumstances, it seems plain to us that a defense of the action brought by the insured to recover disability benefits would not furnish the complete and adequate remedy which is possible under the equity proceeding. That conclusion reached, it follows that the action at law will be stayed pending the hearing in equity.