GERTRUDE F. ROSENBLUM, Respondent, v. MANUFACTURERS TRUST COMPANY, Individually and as Executor, etc., of JOSEPH I. ROSENBLUM, Deceased, and as Trustee under a Certain Trust Agreement Made by Said JOSEPH I. ROSENBLUM, Dated February 13, 1929, Appellant, Impleaded with THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant, and HELENE MYRA ROSENBLUM, Infant, Appearing by FELIX S. COHEN, Guardian ad Litem, Respondent, and EDWARD ROSENBLUM and Another, Infants, Appearing by SIDNEY R. FLEISHER, Guardian ad Litem, Appellants.

First Department, June 14, 1935.

*James S. Hays* of counsel [*Milton Kunen* with him on the brief; *Kaye, Scholer, Fierman & Hays*, attorneys], for the appellant, Manufacturers Trust Company.

*Sidney R. Fleisher*, guardian ad litem and attorney for the infant appellants Edward Rosenblum and Dorothy Rosenblum.

*Joseph J. Corn* of counsel [*Arnold LeBell* with him on the brief; *Eisman, Lee, Corn & Lewine*, attorneys], for the plaintiff.

*William E. Friedman*, attorney for Felix S. Cohen, guardian ad litem for the infant respondent Helene Myra Rosenblum.

TOWNLEY, J.   In this equity action plaintiff seeks to cancel a change of beneficiary of four life insurance policies.   Plaintiff was the original beneficiary of these policies, but during his lifetime the insured, her husband, directed that the Manufacturers Trust Company, as trustee, should be named the new beneficiary.

The present motion to dismiss the complaint is in the nature of a demurrer and we must assume that the following facts are true: Plaintiff became the second wife of the deceased, Joseph I. Rosen-

blum, on June 24, 1928. On February 13, 1929, plaintiff's husband and the defendant's predecessor trust company entered into a trust agreement. The agreement specified that certain policies of life insurance were to be transferred to the trustee. It also provided for the adding of other life insurance policies to the trust. On the death of the insured the proceeds of the policies were to be divided in such number of equal parts or funds " as there shall be children of the settlor *in being at the time of the execution of this agreement.*" (Italics ours.) At the time of the execution of the trust indenture the settlor had two living children by a former marriage, the appellants Edward and Dorothy Rosenblum.

In March, 1930, the decedent took out four additional policies of insurance from the defendant Mutual Life Insurance Company, amounting to $30,000. As above noted, the plaintiff was originally designated as the beneficiary of these policies, but the insured retained the right to change the beneficiary. Shortly after the birth of the respondent Helene Myra Rosenblum (the insured's third child) on August 7, 1930, the insured directed that the appellant trustee be made the beneficiary of these four policies.

In making these changes, it is alleged that " said decedent proceeded and acted under the misapprehension and mistake of fact and in the mistaken belief that his and plaintiff's said newly-born daughter was included in the benefits of said Trust Agreement *pro rata* with and equally and to the same extent as each of his said two other children and that his and plaintiff's newly-born daughter, if said daughter survived him, would share in the benefits of said Trust Agreement *pro rata* with and in the same manner and to the same extent as his said two other children, *i. e.*, in the income and corpus of a separate trust for her benefit to be set up and established by said Chatham Phenix, as Trustee under said Trust Agreement, from and out of and constituting one-third of the entire proceeds thereafter received by said Chatham Phenix under any and all policies of insurance held by said Chatham Phenix under said trust agreement at the time of his death; and said decedent did not intend to remove and would not have removed plaintiff as beneficiary of said four Mutual Life policies and did not intend to substitute and would not have substituted as beneficiary thereof said Chatham Phenix as Trustee for said two other children by his said prior marriage to the exclusion of his and plaintiff's said newly-born daughter, and did not contemplate and would not have contemplated or made such change of beneficiary, except under the misapprehension and mistake of fact and in the mistaken belief that in so doing he was providing under said Trust Agreement for

his and plaintiff's said newly-born daughter in the same manner and to the same extent and as fully as his said two other children had been and were being provided for thereunder."

The insured died on December 21, 1932. The proceeds of most of the policies included in the trust were paid to the trustee. Plaintiff, as the original beneficiary has demanded the proceeds of these four policies, but they have not been paid.

On these facts, the following relief is asked for:

" 1. That any and all instruments executed by said Joseph I. Rosenblum respecting said Mutual Life policies 4,310,617, 4,310,619, 4,310,620 and 4,310,621 changing the beneficiary thereof from plaintiff to Chatham Phenix National Bank and Trust Company (now the defendant Manufacturers Trust Company) be cancelled and adjudged to be null and void as against plaintiff and that plaintiff be adjudged to have continued as and to be the beneficiary of and entitled to receive the entire proceeds of and all moneys payable under all of said four Mutual Life policies.

· " 2. That defendant Manufacturers Trust Company be adjudged to pay to plaintiff all moneys and the entire proceeds received by it from the defendant The Mutual Life Insurance Company of New York under and respecting said policies 4,310,617, 4,310,619, 4,310,620 with interest thereon from the date of such receipt.

" 3. That the defendant The Mutual Life Insurance Company of New York be adjudged to pay to plaintiff all moneys and the entire proceeds payable under its said policy #4,310,621 with interest thereon."

In this complaint in effect the plaintiff concedes that the insured was privileged to change the beneficiary of the policies. Plaintiff further concedes that by the change of beneficiary, the insured intended that plaintiff was not to receive the proceeds of the policies. Plaintiff makes no charge that the insured did not intend the trustee to be the legal beneficiary of the policies. When analyzed the complaint amounts to a claim that in plaintiff's opinion, the insured would not have changed the beneficiary if he had not been mistaken about the terms of the trust which he himself had previously established. The insured, however, knew that his older children would benefit by the change and so intended.

By plaintiff's own admission, she is a volunteer and is no longer a party or privy to the contracts of insurance. To maintain a, suit for the cancellation or rescission of a contract, plaintiff must be a· party or privy. (*Insurance Co. of Penn.* v. *Park & Pollard Co.,* 190 App. Div. 388.) The fact that the plaintiff is the wife of the insured and that she has a child who has not been provided for in the trust agreement is no ground for holding that this volunteer has

an equitable interest in the proceeds of the insurance policies or such a right as to establish her legal interest in the policies. This was decided by the Court of Appeals in *Young* v. *Young* (80 N. Y. 422) as follows: " It has, in some cases, been attempted to establish an exception in favor of a wife and children on the ground that the moral obligation of the donor to provide for them constituted what was called a meritorious consideration for the gift, but Judge Story (Eq. Jur. vol. 2, § 987, and vol. 1, § 433) says that that doctrine seems now to be overthrown, and that the general principle is established that in no case whatever will courts of equity interfere in favor of mere volunteers, whether it be upon a voluntary contract, or a covenant, or a settlement, however meritorious may be the consideration, and although the beneficiaries stand in the relation of a wife or child."

We may say in passing that there is serious doubt whether the allegation of mistake as set out in this complaint is a natural conclusion of fact from the conceded evidentiary facts as to the voluntary making of the original trust deed and the voluntary change of beneficiary. The reasonable conclusion from the facts, it seems to us, is that the insured was quite conscious of what he was doing.

The interest of plaintiff in the proceeds of these policies ended on the new legal appointment. The cases relied on by plaintiff to the effect that a failure to make a valid appointment to a new beneficiary leaves the ownership of the proceeds in the first beneficiary (*Smith* v. *Boston, etc., Railroad Relief Assn.*, 168 Mass. 213; 46 N. E. 626; 2 Couch Cyc. of Ins. Law, § 326; *Sangunitto* v. *Goldey*, 88 App. Div. 78; *Coyne* v. *Bowe*, 161 N. Y. 633, affg. 23 App. Div. 261; *Garner* v. *Germania Life Ins. Co.*, 110 N. Y. 266; *Di Messiah* v. *Gern*, 10 Misc. 30) are not in point. Those cases all relate to legal rights under the contract of insurance where no legal change was effected either because the provisions relating to change in the policy had not been complied with or because there had been an attempt to appoint a person ineligible under the terms of the policy. In the present case there was a legal change made in accordance with the terms of the policy of an eligible designee.

We know of no precedent for the claim that when a trustee has been duly appointed as beneficiary the ousted beneficiary can say that the appointment fails because the trustee is not going to be able to carry out in part the wishes of the deceased insured. It seems to us that once the new appointment has been legally effected, what the trustee does with the proceeds of the policy is not a question in which the former beneficiary as such has any interest. No principle peculiar to insurance law is involved. Any question must

be raised by attacking the trust deed. If there are insuperable legal difficulties to such a course, the court cannot allow the same result to be obtained by indirection when to do so would completely thwart the settlor's known intention.

Finally, we are constrained to repeat that the claim made is unconscionable. Conceding that the settlor intended to divest her of her interest and that his intention will be carried out to benefit two of his children, the natural objects of his bounty, plaintiff concludes, nevertheless, that the settlor's intention should be defeated as to those two children and that the entire proceeds of the policies should go to herself. The claim offends one's sense of natural justice and the complaint fails for want of equity as well as for the other reasons above set out.

The orders appealed from should be reversed, each with twenty dollars costs and disbursements, and the motions to dismiss the complaint should be granted.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Orders reversed, each with twenty dollars costs and disbursements, and motions granted.