MARY A. BAMBERY v. ANCIENT ORDER OF UNITED WORKMEN.
JAMES L. FEELEY AND ANOTHER, RESPONDENTS.[1]

June 26, 1936.

No. 30,825.

*Clapp, Briggs, Gilbert & Macartney,* for appellant.
*Thomas Mohn* and *Horace W. Mohn,* for respondents.

[1]Reported in 268 N. W. 200.

STONE, JUSTICE.

Plaintiff sues on a beneficiary certificate of the Grand Lodge of the Ancient Order of United Workmen of the state of Minnesota (hereinafter referred to for convenience as the Grand Lodge) insuring the life of her deceased brother, James Feeley. Sarah Feeley, widow, and James L. Feeley, only son of the insured, also claiming the proceeds of the certificate, were substituted as defendants. The Grand Lodge was permitted to, and did, deposit the amount due with the First National Bank of St. Paul, to hold pending the litigation. After trial without a jury, the court below found for the substituted defendants. Plaintiff appeals from the judgment.

The certificate, as originally issued in 1893, named decedent's then wife, Ella Feeley, as beneficiary. Ella and James Feeley were divorced in 1908. In 1909 the certificate was reissued so as to make plaintiff, decedent's sister, beneficiary. Defendant Sarah Feeley and the insured were married in 1914. She and the other defendant, James, the son, base their claim on the fact that in 1919 Mr. Feeley executed a form furnished by his local chapter of the Grand Lodge, which purported to revoke the designation of plaintiff as beneficiary and to substitute "his estate," the contention being that by "his estate" he "meant his wife and son," who are his only heirs at law.

The statute (G. S. 1913, § 3542) then in effect regarding beneficiaries of this type of insurance provided:

"The payment of death benefits shall be confined to the wife, husband, family, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member, subject to the limitation and control of the association as to the designation of beneficiaries within said classes."

In 1921 that statute was amended by L. 1921, c. 287, § 1 (now 1 Mason Minn. St. 1927, § 3452), so as to include the member's "estate" as an eligible beneficiary.

The argument for plaintiff is that inasmuch as the statute made Mr. Feeley's "estate" ineligible as a beneficiary both his attempted revocation of the original, and his attempted designation of a new,

beneficiary were ineffectual and that, as the original designee, she is entitled to the proceeds of the certificate. That argument we disallow.

Two operations are the subject of consideration. Obviously Mr. Feeley's intention, expressed in writing on the form prescribed by the Grand Lodge itself, was first to revoke and then to designate anew. The second purpose might fail although the revocation was complete. That happened here. The by-laws of the Grand Lodge authorized revocation and designation anew. Revocation is the unilateral act of the insured, whereas the designation of a new beneficiary needed the consent of the insurer. We hold that even though the attempted designation of the estate of the insured was ineffectual, his revocation of his former designation of plaintiff was complete. That put an end to plaintiff's rights as beneficiary.

Effectual revocation without equally effectual designation of a new beneficiary leaves the certificate in force but without an eligible named beneficiary. In this case the beneficiaries eligible and entitled to the proceeds are the surviving wife and son, who were substituted as defendants. That result is the intention of both contract and statute and is required under the rule of Logan v. Modern Woodmen, 137 Minn. 221, 163 N. W. 292, 2 A. L. R. 1676, and the authorities therein cited.

Judgment affirmed.