## MODERN WOODMEN OF AMERICA v. LILLIAN KROGSTAD AND OTHERS.[1]

November 10, 1938.

No. 31,751.

[1]Reported in 282 N. W. 133.

 

*Bessesen & Bessesen* and *Coursolle, Preus & Maag,* for appellant.
*Donald O. Wright,* for Lillian Krogstad, respondent.

HOLT, JUSTICE.

Alfred Krogstad was a member in good standing of the Modern Woodmen of America and held a benefit certificate issued payable to Grace Olsen at the time of his death. Three persons made proof of death, each claiming to be the lawful beneficiary and demanding payment of the amount, *viz.:* $2,000. The association interpleaded the claimants, Lillian Krogstad, widow of Alfred Krogstad, Marie Krogstad, his mother, and Grace Olsen, the beneficiary named in the certificate. Each answered and replied as between one another. Under a stipulation the $2,000 was paid into court, and the Modern Woodmen of America was dismissed as a party to the suit. The cause was tried and findings and conclusions of law made. awarding the $2,000 to Lillian Krogstad. Marie Krogstad moved for a new trial and appeals from the order denying the motion.

The Modern Woodmen of America is hereinafter referred to as complainant, Lillian Krogstad as respondent, and Marie Krogstad as appellant. The errors assigned by appellant are: (a) Refusing to find that the certificate issued by complainant March 27, 1931, wherein appellant was designated the beneficiary, was in force at the time of Alfred Krogstad's death; (b) refusing to find that Krogstad intended that respondent should receive no part of the proceeds of the benefit certificate; (c) the court erred in finding that the certificate issued by complainant March 27, 1931, was duly cancelled upon the written request of Alfred Krogstad; (d) the court erred in its conclusion of law.

These controlling facts are beyond dispute: Complainant is a fraternal beneficiary society, organized under the laws of Illinois, and authorized to do business in this state. Alfred Krogstad became a member of complainant September 12, 1922, and received a certificate wherein appellant was designated beneficiary. Alfred

Krogstad paid all dues and assessments and was in good standing at his death March 10, 1936. Under § 52 of the by-laws of complainant a member may, without the consent of the beneficiary, surrender the certificate and receive a new certificate, by strictly following the direction of said section. Section 53 permits the member, where his certificate is lost, destroyed, or beyond the member's control, to annul or cancel the same, by following the directions stated in said section, whereupon a substitute certificate shall issue as requested; but "no change in the designation of beneficiary or beneficiaries shall be effective until a new certificate shall have been issued during the lifetime of the member, and until such time the provisions of the old certificate shall remain in force." January 19, 1929, Krogstad surrendered the certificate of September 12, 1922, and complainant issued to him a second certificate naming his wife, the respondent, as beneficiary in place of appellant. March 20, 1931, the insured surrendered the second certificate and received in return a third certificate wherein appellant was named beneficiary. Not being in possession of this third certificate in November, 1935, Krogstad, proceeding under § 53 of the by-laws, executed in writing a waiver of the same as a lost certificate and requested complainant to cancel the same and issue a fourth certificate therein designating Grace Olsen as beneficiary, and complainant, on December 12, 1935, did cancel the third certificate and issued and delivered to him the fourth certificate designating Grace Olsen, a "member of family," beneficiary. There is no question but that this certificate was received by Krogstad while living. Upon these undisputed facts we think the only question presented by the appeal is one of law.

In our opinion, this proposition of law is ruled by two prior decisions of this court, *viz.*: Logan v. Modern Woodmen, 137 Minn. 221, 163 N. W. 292, 2 A. L. R. 1676, and Bambery v. Ancient Order of United Workmen, 197 Minn. 592, 268 N. W. 200. The Logan case involved the same by-law, § 52, as in the instant case. And the Bambery case related to the certificate of a fraternal society having by-laws similar to those of complainant touching cancellation of beneficiary certificates. It is there held that two operations are

involved in changing a benefit certificate in these fraternal societies: The revocation of the old and the designation of beneficiary in the new substituted certificate. There can be no doubt that in this case the third certificate issued was revoked and cancelled as effectively as had been the preceding two. The revocation was in the form prescribed by complainant. The fact that the certificate was lost or not in the control of the member is of no significance, because § 53 of the by-laws provides for just that situation. Complainant accepted the revocation and cancelled the third certificate wherein appellant was named beneficiary, and that ended her rights.

Complainant's by-law (§ 51) provides:

"If, however, in the event of the member's death there is no principal or contingent beneficiary designated by name in the certificate who is eligible to receive payment under the provisions of these By-Laws, then the amount to be paid under any such Benefit certificate or rider shall be payable to the member's widow or widower"; etc.

There is no question that Grace Olsen, the beneficiary designated in the certificate in force at Alfred Krogstad's death, was not eligible as beneficiary under complainant's by-laws nor under the applicable statute, 1 Mason Minn. St. 1927, § 3452.

Appellant urges that the court erred in refusing to find "that it was the intention of the insured, Alfred Krogstad, * * * that the defendant Lillian Krogstad receive no part of the proceeds of said certificate." It is of no consequence what Alfred's intentions were respecting respondent, his wife; he did intend that Grace Olsen should be designated the sole beneficiary, and so she was in the new certificate issued. Not being eligible as beneficiary, his widow, respondent, became such under the by-law quoted. Appellant's argument that the attempted revocation of the third certificate and his designation of a new beneficiary in the fourth certificate were both ineffective and that appellant, as the designee in the third, is entitled to the proceeds, was distinctly disallowed in Bambery v. Ancient Order of United Workmen, *supra*.

Order affirmed.