AETNA LIFE INSURANCE COMPANY v. OWENS.

1. APPEAL AND ERROR—MOTION TO REOPEN PROOFS.
   In the absence of any claim to the contrary, the Supreme Court must assume that a motion to reopen interpleader case and allow further testimony for reasons given was disposed of in accordance with the rules and procedure of the court, where order denying motion fails to disclose the reasons for denial.

2. EQUITY—MOTION TO REOPEN PROOFS—DILIGENCE.

An application to reopen a chancery suit for the purpose of admitting newly-discovered evidence must be meritorious and show reasonable diligence in obtaining the newly-discovered evidence.

3. SAME—MOTION TO REOPEN PROOFS—DISCRETION OF COURT—DUE DILIGENCE IN SECURING PROOFS.

A motion to reopen a suit for the purpose of taking additional proofs is addressed to the discretion of the court and where the motion fails to state that the proposed new evidence could not have been produced at the original hearing after proper amendments were made to the pleading, it was not an abuse of discretion to deny the motion.

4. INSURANCE—CHANGE OF BENEFICIARY—EXECUTION.

Evidence as to change of beneficiary from insured's wife from whom he had been separated to insured's brother with whom he was living at time change was executed *held,* to have supported finding of trier of the facts that the change was properly executed.

5. APPEAL AND ERROR—RECORD—UNPRINTED EXHIBITS.

Where there was no objection to receiving two letters in evidence in interpleader case nor objection to trial court's statement as to their contents and the Supreme Court requested and received a certified copy of one of them, the contents of such letters were properly considered on appeal although they were not printed in record.

6. INSURANCE—GROUP LIFE POLICY—CHANGE OF BENEFICIARY.

The provisions of a group life insurance policy as to the manner of changing the beneficiary must be complied with, at least, substantially.

7. SAME—CHANGE OF BENEFICIARY—COMPLIANCE WITH POLICY.

Evidence *held,* to show that change of beneficiary was received by the insurance company approximately 8 hours before death of insured and, therefore, effected a change of beneficiary where mere receipt of the change by the insurer was sufficient to make it effective under provisions of the policy.

8. INTERPLEADER—COSTS—BRIEFS.

In interpleader suit, appellee defendant who filed no brief is not awarded costs upon affirmance although plaintiff is awarded costs out of fund as decreed by trial court.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 9, 1947. (Docket No. 38, Calendar No. 43,408.) Decided May 16, 1947.

Bill of interpleader by Aetna Life Insurance Company, a foreign corporation, against Charles Owens and Nancy Owens to determine ownership of funds due under an insurance policy. Decree for defendant Charles Owens. Defendant Nancy Owens appeals. Affirmed.

*Henry H. Wachs,* for appellant.

SHARPE, J. On June 1, 1941, the Aetna Life Insurance Company issued to Cliff Owens certificate No. 29470 in the sum of $2,000, subsequently increased to $3,000, under group policy No. 1514–R issued by the insurance company to Packard Motor Car Company, employer of Cliff Owens, payable after his death.

Cliff Owens in his application for the group insurance designated "Nancy—Wife" as the beneficiary. The group policy No. 1514–R contains the following provision:

"Change of beneficiary

"Any employee insured hereunder may by written request designate a new beneficiary as often as desired; such designation to become effective only upon receipt of same at the home office of the company; but the designation of any beneficiary shall not prejudice any right or title vested in the Packard Motor Car Company under the general beneficiary provision form No. 2210–AA contained in this policy."

Cliff Owens and his wife Nancy were married for approximately 17 years and lived and cohabited

together as husband and wife until on or about December 30, 1944, at which time he went to live with his brother, Charles Owens.

On or about February 14, 1945, the Packard Aid Association received a telephone call to the effect that Cliff Owens wished to make a change of beneficiary of his group insurance because he was separated from his wife. On February 15, 1945, the Packard Aid Association assigned a visiting nurse to call on Cliff Owens, which she did the same day. She found him in bed. In attempting to sign the "change of beneficiary," he made an illegible scrawl which was quite unrecognizable. He was given another form to sign and wrote his first name "Cliff," but was too weak to complete his signature At this point his sister-in-law Mrs. Charles Owens guided his hand and he completed the word "Owens." The nurse returned to her office and reported what had taken place and she was advised to return the next day to have another "change of beneficiary" card signed by Cliff Owens. The nurse returned on February 16, 1945, and Cliff Owens signed the change of beneficiary by making his mark which was witnessed by the nurse and another witness. The change of beneficiary card was received by the Aetna Life Insurance Company on February 19, 1945, at 9:40 a.m., and so recorded. Cliff Owens died February 19, 1945, at 5:45 p.m., according to a certified copy of the death certificate which this Court requested filed in this cause.

On April 5, 1945, the Aetna Life Insurance Company filed a bill of interpleader against Charles Owens and Nancy Owens as defendants praying that the defendants show to which of them the proceeds from the insurance policy belongs; and that said insurance company be reimbursed to the extent of $350 for money paid to an undertaker for the burial

of Cliff Owens and for other expenses in bringing suit.

Charles Owens filed an answer to the bill of interpleader in which he claims that the change of beneficiary was properly and legally made to him. Nancy Owens also filed an answer to the bill of interpleader in which she alleges that the change of beneficiary was obtained by fraud.

The cause came on for trial and the trial court entered an order on November 16, 1945, providing "that said Charles Owens, one of the defendants herein named in said bill of interpleader, is the rightful claimant to said fund deposited with the clerk of the court."

On December 3, 1945, Nancy Owens filed a petition to set aside the order of November 16, 1945, and to reopen the case and allow further testimony for the following reasons:

"4.  Because the above named defendant, Nancy Owens, was not advised that it was necessary to show that the deceased was mentally incapacitated to change the beneficiary at the time he attempted to do so.

"5.  Because, the above named defendant, Nancy Owens, can now show by competent medical testimony and hospital records that prior to the death of Cliff Owens and at the time of his death, he was mentally incapacitated to understand the nature of any contract or any other proceedings at the time he attempted to change the beneficiary under the policy which is the subject matter of this suit.

"6.  Because, if granted a rehearing and allowed to reopen this matter, your petitioner, Nancy Owens, by competent testimony can show that the deceased, Cliff Owens, did not know what he was doing and that duress and undue influence was the reason that he signed and attempted to sign the certificate for change of beneficiary.

"7. Because, your petitioner further shows that she and the deceased, Cliff Owens, entered into an agreement prior to her paying the premium on his life insurance policy and that she was to be the beneficiary, and that he would never change, or attempt to change, said beneficiary without her knowledge and consent."

On December 17, 1945, the trial court denied the petition. Claimant Nancy Owens appeals and urges:

"1. That the court erred in not allowing petition. of Nancy Owens, the appellant, to reopen said cause and produce further testimony as to mental incompetency. * * *

"4. Because there was no competent proof that the change of beneficiary was properly executed by Cliff Owens, the assured.

"5. Because there was no competent proof that the change of beneficiary was received by the Aetna Life Insurance Company prior to Cliff Owens' death."

We have examined the pleadings filed in this cause and note that defendant Nancy Owens filed an answer to the bill of interpleader in which she asserts that at the time the change of beneficiary was made, said Cliff Owens was neither mentally or physically competent to change his beneficiary. The reasons given by her for the reopening of the case as above noted set up new issues that were not pleaded or contested during the trial. The cause came on for hearing and the same was denied. We do not have the benefit of knowing the reasons for denial. In the absence of any claim to the contrary we must assume that the motion was disposed of in accordance with the rules and procedure of the court.

We also note that in the motion to take further testimony there is no statement made that the pro-

posed new evidence could not have been produced at the original hearing after proper amendments were made to the pleadings.

In *Cowan* v. *Anderson,* 184 Mich. 649, 656, we said:

"The record shows that on April 21, 1913, about 60 days after the case was heard, at the time of the settlement of the decree, solicitor for complainant presented a petition, supported by an affidavit, to open the case for the purpose of taking further testimony on his part. This petition was denied, and the decree of the court was settled and signed. The only mention made of this matter in the briefs of either counsel in the case is a sentence at the end of the statement of facts in the brief of complainant and appellant, as follows:

" 'The complainant also complains of the refusal of the court to grant his petition for an order opening up the case for further proofs.'

"The reason for the court denying the petition does not appear in the record.

"These are matters within the discretion of the court. The practice requires that such applications must be meritorious and show reasonable diligence in obtaining the claimed newly-discovered evidence. From an examination of the petition and affidavit, we are not prepared to say that the action of the court was an abuse of discretion."

Under such circumstances we can not say that it was an abuse of discretion upon the part of the trial court to deny the motion.

It is also urged that there was no competent proof that the change of beneficiary was properly executed by Cliff Owens, the assured.

The record shows that Catherine Mulcaster, the nurse, testified as follows:

"*A.* He was very weak that day and I didn't know whether he was conscious or not, so I asked

if he knew me again and he said he did and I asked him again if he knew why I was there, and he said he did; that I was there to change the beneficiary, and then this Willie Waugh was called in as a witness. I was told there would have to be two disinterested witnesses. I witnessed the other. * * *

"I am an undergraduate and have been taking nurse's training for two years when I went to the home of the brother of Cliff Owens on the 16th day of February, 1945. Cliff Owens was in bed, his physical condition was very poor. He was very ill, he was very weak, he was having difficulty in breathing. He had a heart condition. He did not carry on a conversation with me as he was not able to talk to me.

"*The Court:* It was hard for him to talk?

"*A.* Yes.

"His mind appeared to be clear. He knew what he was talking about when he talked to me. There was no doctor present. He told me he wanted his brother Charles named as beneficiary. When I went back on the 16th I thought the man might be unconscious but I talked to him and he answered me."

Other witnesses were produced in behalf of defendant Charles Owens, but the record does not show that any witness was produced in behalf of Nancy Owens or even that she was present, although her attorney, Mr. Ward, cross-examined the witnesses. We think there was competent evidence from which the trier of the facts could find as a fact that the change of beneficiary instrument was properly executed.

It is also urged that there is no competent proof that the change of beneficiary card was ever received or accepted by the Aetna Life Insurance Company as required under the provisions for change of beneficiary. The group policy provided that a change of beneficiary should become effective only upon receipt of same at the home office of the com-

pany. The certificate of death shows that Cliff Owens died February 19, 1945, at 5:45 p.m.

While Catherine Mulcaster, the nurse, was on the stand as a witness, the following transpired:

"*Mr. Banks:* I offer exhibit 4 in evidence.

"*Mr. Ward:* You say that exhibit 4 is a notification from the Aetna Life Insurance Company to the Packard Motor Car Company that the change has been allowed?

"*A.* Yes, it is.

"*Mr. Ward:* It is dated February 17th.

"*The Court:* She has testified she hasn't charge of these records; that you will have to get somebody in the office out there whose duty it is to take care of them.

"*Mr. Banks:* That is right.

"*The Court:* Maybe if you would look at the other one, it shows here that this form here was sent by your office to the Aetna Life Insurance Company and received by them on February 19th, 9:40 a.m., 1945, sent through mail and on that date it was recorded, the change was recorded at the Aetna Life Insurance Company.

"*A.* Yes.

"*Mr. Banks:* I hand you exhibit 5 at this time. Proposed exhibit 5.

"*Mr. Ward:* Are we agreed as to what exhibit 4 is?

"*The Court:* Yes, I think counsel can agree with the court now and the witness, that exhibit 4—exhibit 5 is the same thing, was sent by the Packard Motor Car Company to notify them of the change, together with the card.

"*Mr. Ward:* Very well.

"*The Court:* All right, exhibit 5 is the same as exhibit 4, but it is the copy that was returned to the Packard Motor Car Company showing that the Aetna Life Insurance Company received the notice of change of beneficiary on the 19th day of February at 9:40 a.m. and that they recorded the change in

their records at that time.  Exhibit 5 offered in evidence without objections and received.''

Neither exhibit 4 or exhibit 5 are contained in the printed record, but since the case was submitted the Court has requested a certified copy of exhibit 4 and the same has been received.  It is to be noted that there were no objections raised to the introduction of these exhibits in evidence, nor was there any objection to the statement of the trial court as to what these exhibits contained.  From the statement of the trial court, exhibit 5 is a notification from the Aetna Life Insurance Company to the Packard Motor Car Company that the notice of change of beneficiary was received by the insurance company on February 19, 1945, at 9:40 a.m., and so recorded.  It should be noted that the above notice was received by the insurance company approximately eight hours before the death of Cliff Owens.

In *Dogariu* v. *Dogariu*, 306 Mich. 392, we quoted with approval from 2 Joyce on Insurance (2d Ed.), p. 1674, § 740a, as follows:

'' 'The provisions of a life policy as to the manner of changing the beneficiary must be complied with, at least, substantially so, for in such case the change can be made effective only by following the policy provisions and by conforming to the manner or mode specified in the contract.  So where a policy of life insurance provides that a change of beneficiary shall be made by indorsement in writing and shall not take effect until indorsed on the policy by the home office, no act of the insured can effect such a change in the absence of such indorsement.' ''

We conclude that the change of beneficiary was effected in accordance with the policy of insurance. The interest of Charles Owens, as beneficiary, at-

tached instantly upon the death of the insured. *Knights of Maccabees of the World* v. *Sackett,* 34 Mont. 357 (86 Pac. 423, 115 Am. St. Rep. 532).

The decree of the trial court is affirmed, but without costs as no brief was filed in behalf of Charles Owens, defendant. However, plaintiff as interpleader may have costs out of said fund as noted in the decree of May 18, 1945.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.