GIGNAC *v.* COLUMBIA NATIONAL LIFE INSURANCE
COMPANY.

1. INSURANCE—CHANGE OF BENEFICIARY—REVOCATION OF PREVIOUS
DESIGNATION.

    Where insured, under policy reserving right to change beneficiary,
had designated (1) his first wife; upon her death (2) his chil-
dren; upon his remarriage (3) his second wife; and later (4)
redesignated his first wife as beneficiary, the last change *held*,
effective as a revocation of the designation of the second wife
as beneficiary, leaving the proceeds to administrator where
beneficiary designated does not survive insured.

2. COSTS—INTERPLEADER.

    No costs are allowed on affirmance of order entered upon inter-
pleader of insurer under life insurance policy where widow
failed to prevail.

Appeal from Wayne; Ferguson (Frank B.), J.
Submitted April 6, 1948. (Docket No. 12, Calendar
No. 43,948.) Decided May 18, 1948.

Bill by Marguerite M. Gignac against Columbian
National Life Insurance Company and Joseph A.
Payne, administrator of the estate of Arthur L. Gig-
nac, deceased, to restrain payment of proceeds of
insurance policy to estate. Cross bill of interpleader
by defendant insurance company against plaintiff
and other defendant to determine ownership of
proceeds of the policy. Decree for defendant ad-
ministrator. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am. Jur., Insurance, §§ 1304, 1314, 1321.
[2] 30 Am. Jur., Interpleader, § 26.

*Fildew & DeGree,* for plaintiff.

*Payne & Payne (Everett D. Crowe,* of counsel), for defendant administrator.

BUTZEL, J. Marguerite M. Gignac, widow of Arthur L. Gignac, and Joseph A. Payne, administrator of the estate of Arthur L. Gignac, deceased, both made claim to the proceeds of a life insurance policy issued to Mr. Gignac in 1921 by the Columbian National Life Insurance Company. The amount due on the policy, $3,117.41, has been paid into court by the insurance company. The case was submitted to the court below on the pleadings without any testimony being taken. The facts are not in dispute.

When the policy was issued the insured was married to Amelia M. Gignac, who was named therein as beneficiary. She died in 1931, and shortly thereafter the insured named his three children, Arthur L. Jr., Marion, and James, as beneficiaries. Subsequently the insured married Marguerite M. Gignac, and, on June 3, 1932, he revoked the nomination of his three children as beneficiaries and substituted Marguerite M. Gignac as beneficiary in their place. Right to revoke the designation of beneficiary was reserved. On October 30, 1937, he again executed a change of beneficiary rider whereunder he revoked "the nomination of the present beneficiary" and designated as new beneficiary "Amelia M. Gignac, wife." At the time this instrument was executed, Amelia M. Gignac had been dead over six years. The contract of insurance contains a provision to the effect that if there be no beneficiary surviving at the death of the insured, the proceeds of the policy shall be payable to the executors, administrators or assigns of the insured.

The court below held that the rider of October 30, 1937, effectively revoked the designation of Mar-

guerite M. Gignac as beneficiary and that, inasmuch as the person named as beneficiary did not survive the insured, the proceeds of the policy should be paid to the administrator by virtue of the provision referred to above. Mrs. Gignac appealed.

Appellant contends that the insured intended to accomplish only one thing by executing the change of beneficiary rider, *i.e.*, to change the beneficiary, and that inasmuch as it is impossible to give effect to this intent because no new beneficiary capable of receiving the proceeds of the policy was designated, the attempted change must be held to be wholly ineffectual and inoperative and that it in no way changes her rights as the beneficiary.

No exactly similar case has ever arisen in this State, nor, so far as we can find after lengthy search, in other jurisdictions. The cases cited by appellant are easily distinguishable. Thus, in *Grand Lodge Ancient Order of United Workmen* v. *Frank,* 133 Mich. 232, we held that where the attempt to change the beneficiary fails because of want of mental capacity on the part of the insured to make such a change, the original designation of beneficiary remains in force. *Ladies' Auxiliary Ancient Order of Hibernians* v. *Flanigan,* 190 Mich. 675, and *Ester* v. *Prudential Insurance Co. of America,* 298 Mich. 330, were cases in which the insured intended to make a change in beneficiary but did nothing to carry out such intent. We held that the mere unexecuted intention to change the beneficiary is not sufficient to effectuate such a change. And in *Dogariu* v. *Dogariu,* 306 Mich. 392, we held that a valid change of beneficiary was not made where the insured failed to substantially comply with the method of changing the beneficiary provided for and prescribed by the insurance contract.

A somewhat analogous situation to that in the instant case has arisen in other jurisdictions in cases

where the insured's right to designate a beneficiary was limited in the respect that only persons of a certain class were eligible to be beneficiaries, and the insured designated a person not of that class as beneficiary in a change of beneficiary form. *Miller* v. *Prelle,* 122 Ill. App. 380; *Royal League* v. *Shields,* 251 Ill. 250 (96 N. E. 45, 36 L. R. A. [N. S.] 208); *Sturges* v. *Sturges,* 126 Ky. 80 (102 S. W. 884, 12 L. R. A. [N. S.] 1014); *Pettus* v. *Hendricks,* 113 Va. 326 (74 S. E. 191); *McGough* v. *Hogan,* 175 Wis. 607 (185 N. W. 174, 24 A. L. R. 746); *Elliott* v. *United States,* 271 Fed. 1001. In the cited cases it was held that an attempt to name an ineligible person as beneficiary is ineffective and does not have the effect of revoking the previous designation of beneficiary. But see, also, *Logan* v. *Modern Woodmen of America,* 137 Minn. 221 (163 N. W. 292, 2 A. L. R. 1676); *Bamberry* v. *Ancient Order of United Workmen,* 197 Minn. 592 (268 N. W. 200); and *Modern Woodmen of America* v. *Krogstad,* 203 Minn. 508 (282 N. W. 133), wherein it was held that such an attempt to change the beneficiary was at least effective as a revocation of the previous designation. Although all these cases may be distinguishable from the instant one because of the peculiar provisions of the insurance contracts involved, nevertheless the rule set forth in the Minnesota cases reaches a more just result and should be applied in the instant case.

Just what the insured had in mind in the instant case is a matter of conjecture, except that it seems patent that he intended to revoke the designation of appellant as beneficiary. It is possible that he desired to leave part of his insurance to his children and reasoned that by naming a deceased person as beneficiary, who could not possibly survive him, the proceeds of the policy would go to his children, who were his heirs, or to his estate under the terms of the

policy and in that way his children and appellant would share therein. This is, however, conjecture.

We do hold that the change of beneficiary rider was effective as a revocation of the designation of appellant as beneficiary. The decree of the trial court is affirmed, but without costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.