HARRIS v. METROPOLITAN LIFE INSURANCE COMPANY.

1. DEPOSITS IN COURT—INSURANCE.
    Insurer who paid proceeds of group life insurance policy into court and obtained an order of discharge from further liability, is not concerned with outcome of controversy between administratrix of estate of insured and beneficiaries named in change of beneficiary form that had been signed by insured and delivered to insurer before insured died.

2. INSURANCE—CHANGE OF BENEFICIARY—DEATH OF INSURED PRIOR TO INDORSEMENT BY INSURER.
    Claim that change of beneficiary form must be indorsed by insurer under group life insurance policy before death of in-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 29 Am Jur, Insurance, §§ 1320, 1324.
[1-3] Failure to obtain insurer's formal consent or indorsement in the manner prescribed as affecting attempt to change beneficiary in old line insurance policy where request or demand for change has been made upon insurer. 78 ALR 970.

sured *held*, untenable under pertinent provision that change would relate back to date of its execution by insured whether or not he was living at time the change was indorsed by the insurer.

3. SAME—GROUP POLICY—CHANGE OF BENEFICIARY—SUBSTANTIAL COMPLIANCE.

> Change of beneficiary under group life insurance policy was effectuated where proper form therefor was executed by insured and before his death it was deposited with the insurer, notwithstanding the change was not accompanied by certificate of insurance then in possession of plaintiff, since insured who was sick in bed and near death had substantially complied with the provisions of the policy by doing all within his power to effect the change.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 2, 1951. (Docket No. 20, Calendar No. 44,855.) Decided March 1, 1951.

Bill by Nellie Harris against Metropolitan Life Insurance Company and others to require payment of proceeds of life insurance policy to her and to enjoin payment to others. Cross bill by Claude Ostrander to require payment to him. Hazel M. Ostrander, administratrix of estate of Claude Ostrander, deceased, substituted in his place. Cross bill by Grover G. Stine, as director of Saginaw County Social Welfare Board, to require payment to him. Cross bill of interpleader for Metropolitan Life Insurance Company. Decree for defendant Stine and plaintiff Harris. Defendant Ostrander appeals. Affirmed.

*William C. O'Keefe* and *Gerald B. Rosseau,* for plaintiff and defendant Stine.

*James M. Davis,* for defendant Ostrander.

DETHMERS, J. This is a suit to determine who is entitled to the proceeds of a life insurance policy.

Henry Marx became insured for $2,000 under a group life insurance policy issued by defendant insurance company to his employer, General Motors Corporation, by virtue of a certificate of participation issued to him, which named as beneficiary defendant Ostrander's decedent, Claude Ostrander. Two weeks prior to his death, Marx executed a change of beneficiary, naming as beneficiaries the plaintiff, Harris, and cross-plaintiff Stine, as director of the Saginaw county social welfare board, and directing that out of the proceeds of the policy an amount equal to that expended by the social welfare board for his care be paid to cross-plaintiff and the balance to plaintiff. Marx gave the change of beneficiary to an assistant prosecuting attorney who represented the social welfare board. The latter, during Marx's lifetime, caused the change of beneficiary and a copy thereof to be delivered to defendant insurance company and to General Motors Corporation, respectively, not accompanied by the certificate, however, but with the request that the employer enter the change of beneficiary upon its records accordingly. That request was under investigation by defendant insurance company at the time of Marx's death. The change has not been indorsed by the employer upon the certificate.

From decree upholding the change of beneficiary and directing payment in accord therewith to plaintiff and cross-plaintiff, defendant Ostrander appeals. Defendant insurance company, having paid the proceeds of the policy into court and obtained an order of discharge from further liability, is not concerned with the outcome.

The insurance policy reads, in part, as follows:

"Section 9. Change of beneficiary. * * * Any employee insured hereunder may from time to time, change the beneficiary by filing written notice thereof with the employer, accompanied by the certificate

of such employee. Such change shall take effect upon indorsement thereof by the employer on such certificate, and unless the certificate is so indorsed, the change shall not take effect. After such indorsement, the change will relate back and take effect as of the date the employee signed said written notice of change, whether or not the employee be living at the time of such indorsement or not, but without prejudice to the company on account of any payments made by it before receipt of such written notice."

Defendant Ostrander relies on the quoted provision that the change of beneficiary shall take effect upon indorsement thereof by the employer on the certificate and shall not take effect unless so indorsed. It is significant to note, however, that the quoted provisions permit such indorsement after the assured's death, the change, thereupon, to relate back to the date of its execution by the assured. This disposes of defendant's argument that the change, to be effective, must be indorsed by the employer on the certificate and its records before assured's death.

Defendant Ostrander cites *Aetna Life Insurance Co.* v. *Mallory,* 291 Mich 701; *Dogariu* v. *Dogariu,* 306 Mich 392; *Aetna Life Insurance Co.* v. *Owens,* 318 Mich 129; and *Ancient Order of Gleaners* v. *Bury,* 165 Mich 1 (34 LRA NS 277), as authority for the proposition that an attempt at change of beneficiary by a method other or contrary to that expressly provided for in the policy is ineffective. In the instant case, however, the assured, sick in bed and near death, did all in his power to effect the change in the manner prescribed in the policy. He executed a proper instrument and it was delivered, during his lifetime, to his employer and the insurance company for indorsement. Lacking only was the certificate which he did not have because it was in the possession of plaintiff, who refused to surrender it. What more could the assured have done

to comply with the provisions of the policy? Nothing remained but the performance of a formality, a ministerial act, by the employer or insurance company. Here was substantial compliance. Under the circumstances of this case and the authority of *Equitable Life Assurance Society of United States* v. *Hitchcock,* 270 Mich 72 (106 ALR 591); *Quist* v. *Western & Southern Life Insurance Co.,* 219 Mich 406; *Supreme Court, Independent Order of Foresters* v. *Frise,* 183 Mich 186, and *Thompson* v. *Metropolitan Life Insurance Co.,* 318 Ill App 235 (47 NE2d 879), the change of beneficiary must be held to have been effectuated.

Decree affirmed, with costs to appellees.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.