AETNA LIFE INSURANCE COMPANY v BROOKS

Docket No. 78-4805. Submitted January 17, 1980, at Detroit.—Decided March 18, 1980. Leave to appeal denied, 409 Mich 892.

Aetna Life Insurance Company issued a $25,000 life insurance policy to Chrysler Corporation insuring the life of Lee F. Lamirand, an employee of Chrysler. Lamirand died. William G. Brooks was the designated beneficiary on the policy as issued. Steve J. Jarson and Robert Gresser claimed benefits under the policy by virtue of an alleged change of beneficiary executed by Lamirand and submitted to Chrysler Corporation. The change of beneficiary was made on a group accident insurance form which was allegedly delivered but there is no record that either Chrysler or Aetna ever received a copy of the original. Aetna filed a complaint in interpleader joining Brooks and Jarson and Gresser. After payment of the proceeds of the policy to the court, Aetna was discharged from the case. The question presented was whether Lamirand had successfully changed his beneficiary from Brooks to Jarson and Gressor. Judgment for Jarson and Gresser, Wayne Circuit Court, Daniel J. Van Antwerp, J. Brooks appeals, alleging that the court erred in admitting statements of the decedent into evidence, that the trial judge improperly admitted two irrelevant pieces of evidence—decedent's will and a change of beneficiary form for group accident insurance—and that the trial court erroneously concluded that indicating different beneficiaries on a group accident insurance form suffices to change a beneficiary on a group life insurance policy. *Held:*

1. Admission of the decedent's statement was proper. The statement was for the limited purpose of showing Lamirand's

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 493.
[2,3] 29 Am Jur 2d, Evidence § 496.
[4] 29 Am Jur 2d, Evidence § 251.
[5] 44 Am Jur 2d, Insurance §§ 1779, 1782.

Change of beneficiary in old line insurance policy as affected by failure to comply with requirements as to manner of making change. 19 ALR2d 5.

state of mind, specifically to show his intent and plan to change beneficiaries. Assertions indicative of a declarant's state of mind have always been admissible when mental state is at issue.

2. The will clearly did not, and could not, effect a change of beneficiary. It was not introduced for this purpose but to show the insured's intent and the continuity of his state of mind regarding Jarson and Gresser. Its admission for this purpose was entirely proper. The accident insurance form, which was used to change beneficiaries, could be viewed as a manifestation of the decedent's intent to alter his life insurance beneficiary (since he had no group accident insurance). The trial court properly exercised its discretion in admitting the form.

3. Substantial compliance with change-of-beneficiary requirements is sufficient to effect a substitution. Decedent's policy required a written request to change beneficiaries. Decedent attempted to comply. He made a written request. It is irrelevant that he used the wrong form since any written expression was sufficient under policy terms. Therefore, there was substantial compliance. When an insured has done all he can to change a beneficiary the original beneficiary loses all rights under the policy.

Affirmed.

1. EVIDENCE — HEARSAY RULE — EXCEPTIONS TO RULE.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein; hearsay statements are excluded from evidence absent an applicable exception to the hearsay rule.

2. EVIDENCE — HEARSAY RULE — STATE OF MIND EXCEPTION — RULES OF EVIDENCE.

State-of-mind evidence may be admitted under one of the exceptions to the hearsay rule (MRE 803[3]).

3. EVIDENCE — STATE OF MIND — ADMISSIBILITY.

Assertions indicative of a declarant's state of mind are admissible where that state of mind is material in the case.

4. EVIDENCE — RELEVANCY — ADMISSIBILITY — JUDGE'S DISCRETION.

Generally, relevant information will be admitted if the probative value substantially outweighs any prejudicial effect; admissibility rests within a trial judge's discretion and his determination will not be set aside unless there has been an abuse of that discretion.

5. INSURANCE — CHANGE OF BENEFICIARY — PROCEDURE — SUBSTANTIAL COMPLIANCE — LOSS OF RIGHTS.

   Substantial compliance with change-of-beneficiary requirements is sufficient to effect a substitution; where an insured has done all he can to change a beneficiary, the original beneficiary loses all rights under a policy.

*LaBarge & Dinning, P.C.,* for Steve J. Jarson and Robert Gresser.

*Fossee, Shehan & McMahon,* for William G. Brooks.

Before: M. J. KELLY, P.J., and BRONSON and D. C. RILEY, JJ.

PER CURIAM. This appeal arises out of claims for benefits payable under a $25,000 life insurance policy issued by the plaintiff to Chrysler Corporation employees, including the decedent Lee F. Lamirand. Plaintiff filed a complaint in interpleader joining defendant-appellant William G. Brooks and defendant-appellees Steve J. Jarson and Robert Gresser. After payment of the proceeds of the policy to the Wayne County Circuit Court, the plaintiff was discharged from the case. Following a two-day trial on October 24 and 25, 1978, the judge awarded benefits to the appellees.

Appellant raises several issues on appeal. First, he asserts that the trial court erred in admitting statements of the decedent into evidence under a hearsay rule exception.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein. *People v Hoerl,* 88 Mich App 693, 701; 278 NW2d 721 (1979). Such statements are excluded from evidence absent an applicable exception to the hearsay rule. *People v Haney,* 86 Mich App 311, 316; 272 NW2d 640 (1978).

The new Michigan Rules of Evidence under which this case was tried provide an exception for "state-of-mind evidence".

*"Then existing mental, emotional, or physical condition.* A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." MRE 803(3).

The dispute litigated below centered on whether the decedent successfully changed his life insurance beneficiary from appellant to the appellees. At trial, the judge permitted Jarson to testify regarding the decedent's request for forms to change his policy, finding that such statement fell within the above state-of-mind exception.

Although it is a close question, we believe that the statement would be excludable hearsay if offered to prove that the decedent did procure the forms and alter his policy. However, the judge properly admitted it for the limited purpose of showing Mr. Lamirand's state of mind, specifically, to show his intent and plan to change beneficiaries. Assertions indicative of a declarant's state of mind have always been admissible when mental state has been at issue, as in the instant case. See *People v White,* 401 Mich 482, 502-503; 257 NW2d 912 (1977). *In re Traub Estate,* 354 Mich 263; 92 NW2d 480 (1958). Therefore, admission of the decedent's statement was proper.

Appellant also argues that the trial judge improperly admitted two irrelevant pieces of evidence—decedent's will and a change of beneficiary form for group accident insurance.

Relevancy is now determined by the new Michigan rule of evidence which states:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Relevant information will generally be admitted if the probative value substantially outweighs any prejudicial effect. *People v Oliphant,* 399 Mich 472, 489-490; 250 NW2d 443 (1976). Admissibility rests within the trial judge's discretion and his determination will not be set aside unless there has been an abuse of discretion. *Jarecki v Ford Motor Co,* 65 Mich App 78, 83; 237 NW2d 191 (1975).

Appellant asserts that decedent's will was improperly admitted into evidence as it is irrelevant to the issue of the life insurance beneficiaries' identities. The will clearly did not, and could not, effect a change of beneficiary. *Dogariu v Dogariu,* 306 Mich 392; 11 NW2d 1 (1943). Rather, it was introduced to show the insured's intent and the continuity of his state of mind regarding the appellees. An admission for this purpose is entirely proper. *Traub, supra, Harris v Copeland,* 337 Mich 30, 34; 59 NW2d 70 (1953).

Appellant further attacks the relevancy of the admitted group accident insurance form. At trial, the parties agreed that the decedent had only one policy of Aetna insurance, the group life insurance, and did not, and could not, have group accident insurance, that the decedent had executed a change of beneficiary from appellant to appellee Steve Jarson in his Chrysler Thriftstock program, and that decedent had executed a change of beneficiary from appellant to appellee on a

group accident insurance form. As the accident insurance form could be viewed as a manifestation of the decedent's intent to alter his life insurance beneficiary (since he had no group accident insurance), we believe that the trial court properly exercised its discretion in admitting that form.

Finally, appellant contends that the trial court erroneously concluded that indicating different beneficiaries on a group accident insurance form suffices to change a beneficiary on a group life insurance policy.

Decedent's insurance policy contained a provision which stated:

"An employee, whether or not employment has terminated, may designate a beneficiary and from time to time change his designation of beneficiary by *written request* filed at the headquarters of the policy holder or at the home office of the insurance company. Such designation or change *shall take effect on the date of designation* of such request, whether or not the employee be living at the time of such filing but without prejudice to the insurance company on account of any payments made by it before receiving such request at its home office." (Emphasis added.)

Decedent attempted to comply with this provision by indicating his change of beneficiary in written form. Allegedly, this form was delivered but never received by the insurance company.

It is well settled in Michigan that substantial compliance with change-of-beneficiary requirements is sufficient to effect a substitution. *Harris v Metropolitan Life Ins Co*, 330 Mich 24, 28; 46 NW2d 448 (1951), *Aetna Life Ins Co v Owens*, 318 Mich 129, 138; 27 NW2d 607 (1947). When an insured has done all he can to change a beneficiary, the original beneficiary loses all rights under

the policy. *Quist v Western & Southern Life Ins Co,* 219 Mich 406, 409; 189 NW 49 (1922).

In *Aetna Life Ins Co v Parker,* 130 F Supp 97 (ED Mich, 1955) the deceased had a life insurance policy with Aetna almost identical to the instant one. He wrote in his sister's name underneath the typed name of his wife in the designated area for listing beneficiaries. This altered copy of the certificate of insurance had not been delivered to the insurance company before the policy holder's death. The court concluded that since there was substantial compliance with the policy's terms, a change in distribution had been accomplished. It acknowledged that since neither a special form nor receipt of the request prior to death was necessary under the policy, decedent's taking positive action indicating his intent was sufficient to change the beneficiary.

We believe that the trial court's similar rulings in this case are correct. Decedent made a *written request* to change his beneficiary. It is irrelevant that he used the wrong form since he did not have an accident policy and since *any* written expression was sufficient under policy terms. Nor is it determinative that the form never was received by the insurance company, since the decedent himself complied fully with the policy requirements. See *Parker, supra.*

GCR 1963, 517.1 states that a trial court's factual findings will not be set aside unless clearly erroneous. See also *Smith v State Accident Fund,* 403 Mich 201; 267 NW2d 909 (1978). We believe that the trial court's conclusion, that the insured's written request to change beneficiaries executed on an accident insurance form was in substantial compliance with the life insurance policy's terms, is amply supported by the record and should not be overturned.

Affirmed.