# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of LORETTA PELLEGRINI.

LORETTA TRAWINSKI, as the PERSONAL
REPRESENTATIVE of the Estate of LORETTA
PELLEGRINI,

UNPUBLISHED
June 15, 2017

Plaintiff-Appellee,

v

No. 332285
Macomb Probate Court

DELPHINE SZPORKA,

LC No. 2015-217232-CZP

Defendant-Appellant,

and

ATHENE ANNUITY AND LIFE COMPANY,
formerly known as AMERICAN INVESTORS
LIFE INSURANCE COMPANY INC,

Defendants.

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

Delphine Szporka appeals as of right the probate court's March 14, 2016 order granting summary disposition in favor of the Estate of Loretta Pellegrini. We affirm.

The issue before this Court is whether the probate court erred in concluding that the decedent, Loretta Pellegrini, substantially complied with the change-of-beneficiary provision in the contract at issue. "It is well settled in Michigan that substantial compliance with change-of-beneficiary requirements is sufficient to effect a substitution." *Aetna Life Ins Co v Brooks*, 96 Mich App 310, 315; 292 NW2d 532 (1980). Stated differently,

> where the contract of insurance outlines the manner or method by which beneficiaries may be designated or changed, the steps or formalities so stipulated must be at least substantially complied with, it being generally conceded that in such a case a designation can be effective only by following the policy provisions

-1-

and by conforming to the manner or mode specified in the contract. [*Dogariu v Dogariu*, 306 Mich 392, 398; 11 NW2d 1 (1943) (internal citation and quotation marks omitted).]

The contract at issue in this case, which is an annuity policy, provides, in relevant part, as follows with respect to beneficiaries:

The Beneficiary is the person or persons who will receive the Death Benefit provided by this Contract. While the Annuitant is alive, the Owner may change a Beneficiary by a signed written request filed with the Company and may name one or more contingent Beneficiaries. No change will take effect unless the Company receives such signed written request. A change will take effect as of the date the written request was signed. Any change is subject to payment or other action taken by the Company before the change was received.

This Court reviews de novo a trial court's interpretation and application of a contractual provision. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). "When interpreting a contract, our primary obligation is to give effect to the parties' intention at the time they entered into the contract. To do so, we examine the language of the contract according to its plain and ordinary meaning." *Id*. "Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement." *Id*. That is, when the contractual language used by the parties is unambiguous, this Court *must* interpret and enforce that language as written. *Id*.

Applying those rules to the facts of this case, we ultimately agree with the probate court's decision that the decedent, Pellegrini, substantially complied with the change-of-beneficiary provision in the contract at issue. It appears undisputed that Pellegrini's life-insurance agent mailed a signed request-for-service form to the insurance company in an attempt to change the beneficiary of the policy. Likewise, it also appears undisputed that the insurance company received but did not process that request-for-service form because of two deficiencies. Consequently, the question before this Court is simple: Does the mailed and received, but not processed, request-of-service form signed by Pellegrini constitute substantial compliance with the change-of-beneficiary provision quoted above? We conclude that it does.

The change-of-beneficiary provision at issue in this case unambiguously provides, in pertinent part, the following with respect to change the beneficiary or beneficiaries of the policy: "No change will take effect unless the Company *receives* such signed written request." (Emphasis added.) When a contract term is not defined by the contract itself, this Court turns to the term's dictionary definition to ascertain and apply its plain and ordinary meaning. *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 294; 778 NW2d 275 (2009). The verb "receive" can be defined as "to come into possession of." *Merriam-Webster's Collegiate Dictionary* (11th ed). Thus, an individual or entity "receives" something when that something "come[s] into possession of" that individual or entity. Applying that definition to the facts of this case, it is apparent that the insurance company *received* the request-for-service form. It acknowledged as much when it responded to that form, thanking Pellegrini for sending it. While it is apparent that the insurance company did not "process" that form, the change-of-beneficiary provision quoted above unambiguously provides that a beneficiary changes when the insurance

company "receives," not when it "processes," a request-for-service form that includes such a request. Therefore, because it did, in fact, "receive" the request-for-service form, we conclude that Pellegrini substantially complied with the change-of-beneficiary provision quoted above.

While we appreciate the fact that insurance company apparently never "processed" the change-of-beneficiary request made by Pellegrini before her death, we nevertheless remain of the view that her actions—mailing a signed and notarized request-for-service form that unequivocally expresses her intent to change the beneficiary of the contract at issue—constitute substantial compliance with the provision quoted above. The only alleged deficiencies with respect to the request-for-service form that she submitted related to her failure to include a single page that included no information with respect to her request and her unnecessary but irrelevant inclusion of her estate as both the primary and secondary beneficiary. Stated simply, it is apparent that these deficiencies were trivial at best. Indeed, we find it noteworthy that the provision quoted above does *not* require a correctly completed request-for-service form. Rather, it requires a "signed written request," and the request-for-service form sent on behalf of Ms. Pellegrini, while not completed correctly, is a "signed written request" that unequivocally reflects her desire to change the beneficiary. Michigan courts have consistently held that strict compliance with provisions like this is simply not required. See, e.g., *Aetna Life Ins Co*, 96 Mich App at 316 (holding that an insured's written change-of-beneficiary request was sufficient despite the fact "that he used the wrong form" and the fact "that the form was never received by the insurance company"); see also *Harris v Metropolitan Life Ins Co*, 330 Mich 24, 27-28; 46 NW2d 448 (1950) (holding that an insured's written change-of-beneficiary request was sufficient despite the fact that it was not accompanied by a certificate as required by the contractual provision at issue).

Affirmed. The estate, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra

-3-