# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN EQUITY INVESTMENT LIFE
INSURANCE COMPANY,

        Plaintiff,

v

LOUIS H. BITTO IV,

        Defendant-Appellee,

JOANN BUSH,

        Defendant-Appellant,

and

BRIAN M. BITTO, TERRY WOODS, ERICA R
DAUTERMAN, PAIGE E. DUATERMAN, and
ALEXUS M. DAUTERMAN,

        Defendants.

UNPUBLISHED
September 28, 2017

No. 332203
Monroe Circuit Court
LC No. 2016-138504-CZ

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*)

I agree with the majority's conclusion that, if the decedent failed to submit the change-of-beneficiary (COB) form during his lifetime, then appellee is entitled to summary disposition. See *Gignac v Columbian Nat Life Ins Co*, 321 Mich 201, 203; 32 NW2d 442 (1948). However, I disagree with the majority's conclusion that no genuine issue of material fact exists as to whether the decedent mailed the COB form during his lifetime, thereby substantially complying with the terms of the contract. Therefore, I respectfully dissent to that portion of the majority's opinion.

The majority concludes that, at the hearing on the parties' motions for summary disposition, "neither [party] argued that there was a genuine issue of material fact warranting further discovery or trial." Though both parties agreed at the hearing that the question to be decided was an issue of contract, both were relying on fundamentally different presumptions of

-1-

the underlying facts: appellee contended that the COB form was *not* mailed and therefore he was entitled to summary disposition under the terms of the contract, whereas appellant contended that the COB form *was* mailed and therefore she was entitled to summary disposition under the terms of the contract pursuant to a substantial compliance theory.[1] On appeal, the majority makes the same mistake that the trial court did by ignoring the inherent question of fact underlying both parties' claims. This is somewhat surprising in light of the majority's recognition in its statement of the facts that, in her countermotion for summary disposition, appellant "contended that the decedent 'signed,' 'dated,' and 'submitted' the COB form during his lifetime[.]" Indeed, appellant stated as fact in her motion the following:

> On September 17, 2015, [the decedent] prepared, signed, and submitted to [plaintiff] a Change in Beneficiary (COB) form. At the moment [the decedent] turned over that COB form, the processing of it was out of his control.

Appellant's contention that the COB form was submitted by the decedent during his lifetime is supported by the handwritten note at the top of the form stating "—COPY— mailed 9-18-15." In dismissing this note, the majority states that it does not create an issue of material fact because:

> it does not indicate that the COB form was mailed to plaintiff; it does not indicate that it was mailed by the decedent or with his permission; no evidence was submitted that decedent wrote the note, and there is no indication that this note was not placed on the form immediately before it was faxed as, to borrow the trial court's terminology, a "kind of CYA."

Yet in deciding a motion for summary disposition under MCR 2.116(C)(10), evidence is to be "viewed in the light most favorable to the nonmoving party." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). The fact that the note does not indicate that the COB form was mailed to plaintiff, viewed in the light most favorable to appellant, does not indicate that the form was not mailed to plaintiff. The fact that the note does not indicate that it was mailed by the decedent or with his permission does not indicate that the form was, in fact, not mailed by the decedent or with his permission. The fact that there is no evidence that the decedent wrote the note does not, in fact, indicate that the decedent did not write the note. And the fact that there is no indication that this note was not placed on the form immediately before it was faxed does not indicate that it was placed on the note immediately before it was faxed. To the contrary, viewing each of the majority's statements *in the light most favorable to appellant as the nonmoving party*, the note was written on the form by the decedent during his lifetime after he mailed a copy of the COB form to plaintiff.

---

[1] Appellant also argued, in the alternative, that it did not matter whether the COB form was mailed during the decedent's lifetime because she would still be entitled to summary disposition as a matter of law. As previously stated, I agree with the majority's conclusion that this argument is meritless.

In ruling in favor of appellant, the majority relies on a letter sent by plaintiff to the parties. The majority concludes that the handwritten "note does not contradict plaintiff's letter that the COB form was not received until October 9, the day after decedent passed away." However, this conclusion ignores the doctrine of substantial compliance, whereby when a COB request is *received* is not determinative so long as the insured does "all in his [or her] power to effect the change in the manner prescribed in the policy." *Harris v Metropolitan Life Ins Co*, 330 Mich 24, 27-28; 46 NW2d 448 (1950); see also *Aetna Life Ins Co v Brooks*, 96 Mich App 310, 315; 292 NW2d 532 (1980). Had the decedent mailed the COB form during his lifetime, as the handwritten note suggests when viewed in the light most favorable to appellant, then the decedent would have substantially complied with the contract. See *Harris*, at 27-28 (holding that an insured substantially complied with a policy's change of beneficiary provision when he "did all in his power to effect the change in the manner prescribed in the policy" and "[n]othing remained but the performance of a formality, a ministerial act, by the employer or insurance company").

Moreover, while the majority correctly points out that the "markings on the COB form received by plaintiffs on October 9 clearly indicate that it was faxed on October 9, 2015," the handwritten note clearly indicates that this faxed form was a "COPY." Therefore, plaintiff's letter to the parties is, at all times, referring to the copy of the COB form that they received on October 9. Viewed in the light most favorable to appellant, see *Lowrey*, 500 Mich at 5, plaintiff's letter does not establish that the COB form was not sent to plaintiff during the decedent's lifetime because the handwritten note on the form that plaintiff is referring to indicates that that form was a *copy* and that the original was mailed while the decedent was alive, see *id*. at 9 (stating that, when a court rules on a motion under MCR 2.116(C)(10), the nonmoving party "is not required to go beyond showing the insufficiency of [the moving party's] evidence").

Because I believe that, when viewed in the light most favorable to appellant as the nonmoving party, a material question of fact exists regarding whether the decedent substantially complied with the contract by mailing the COB form during his lifetime, I respectfully dissent to that part of the majority's opinion.

/s/ Colleen A. O'Brien