# STATE OF MICHIGAN

# COURT OF APPEALS

---

AMERICAN EQUITY INVESTMENT LIFE
INSURANCE COMPANY,

       Plaintiff,

v

LOUIS H. BITTO IV,

       Defendant-Appellee,

and

JOANN BUSH,

       Defendant-Appellant,

and

BRIAN M. BITTO, TERRY WOODS, ERICA R.
DAUTERMAN, PAIGE E. DAUTERMAN, and
ALEXUS M. DAUTERMAN,

       Defendants.

UNPUBLISHED
September 28, 2017

No. 332203
Monroe Circuit Court
LC No. 16-138504-CZ

---

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

    Defendant-appellant (appellant), JoAnn Bush, appeals as of right the trial court's order granting summary disposition in favor of defendant-appellee (appellee), Louis H. Bitto IV, pursuant to MCR 2.116(C)(10). We affirm.

## I. BACKGROUND FACTS

    This case arises from a dispute over whether the decedent, Louis Bitto III, effectively changed the beneficiaries of his annuity contract with plaintiff, American Equity Life Insurance Company. On September 30, 2010, the decedent submitted an annuity application to plaintiff that identified appellee, Sheryll Dauterman, and Brian Bitto (the decedent's children) as the

-1-

annuity's beneficiaries. The application was processed, and on November 12, 2010, plaintiff delivered to the decedent an annuity contract that identified the decedent's children as the beneficiaries. The decedent's annuity contract provided the following procedure for effectuating a change of beneficiary (COB):

> You named the Beneficiary in the Application. While the Annuitant is alive You may change the Beneficiary by Notifying Us. A change will take effect on the date We receive Notice. Any change is subject to payment or other action We take before receiving notice.

The decedent passed away on October 8, 2015. On October 9, 2015, plaintiff received a form that requested to change the beneficiaries of the decedent's annuity contract (the COB form). The COB form requested that the decedent's death benefits from the annuity contract be changed to reflect the following division: 22% to appellant, 22% to Brian, 22% to Terry Woods, 13% to appellee, 7% to Erica Dauterman, 7% to Paige Dauterman, and 7% to Alexus Dauterman.[1] The date at the bottom of the form indicates that it was filled out on September 17, 2015. The form appears to have been faxed: on the top of each page it lists the date as "OCT-09-2015," the time as "11:44." At the top of the form is a handwritten note that reads "—COPY—mailed 9-18-15."

Both appellant and appellee sought payment of the annuity contract: appellant seeking to enforce the annuity contract pursuant to the COB form, and appellee seeking to enforce the annuity contract pursuant to its original terms. On November 16, 2015, plaintiff sent a letter to appellant informing her as follows:

> [The decedent] passed away on October 8, 2015. On October 9, 2015, [plaintiff] received a change of beneficiary form requesting to change the beneficiaries of the above mentioned annuity. Although this change of beneficiary form was dated September 17th, it was not sent to [plaintiff] until after [the decedent] had died. Therefore the beneficiaries remain unchanged. As stated in the annuity contract, a request to change the beneficiary is only effective after [plaintiff] receives the required form, determines the form has been properly completed and signed, and accepts the requested change. The beneficiary cannot be changed after the death of the annuitant. [The decedent] passed away prior to [plaintiff] receiving and accepting the request to change the beneficiaries. Therefore, the request to change the beneficiaries form is void.

The letter ended by stating that appellant had until December 14, 2015, to object to plaintiff disbursing the funds pursuant to the annuity contract's original terms.

Plaintiff received appellant's timely objection to the disbursement of funds according to the original terms of the annuity contract. On January 5, 2016, pursuant to MCR 3.603, plaintiff filed a motion to interplead the disputed funds in order to permit the trial court to adjudicate

---

[1] Sheryll passed away before the decedent.

-2-

appellant's and appellee's rights to the funds. On January 29, 2016, the trial court granted plaintiff's motion to interplead the disputed funds. Appellee brought a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that "under the annuity contract, [the decedent] was permitted to change beneficiaries only" while he was alive, and because "the COB form was not received until after the decedent's passing[,] it [was] void . . . ."

Appellant filed a response to appellee's motion and brought a countermotion for summary disposition pursuant to MCR 2.116(I)(2). In support of her countermotion, appellant argued that she was entitled to summary disposition because, by the terms of the contract, the decedent only needed to change the beneficiary while he was alive. That change was then effective when received by plaintiff, regardless of whether the decedent was alive. Appellant asserted that "[t]here was no genuine issue of material fact that [the decedent] in this case changed the beneficiaries during his lifetime, that [plaintiff] was notified of the change, and that the change was effective not later than October 9, 2015." In the alternative, appellant argued that the decedent substantially complied with the notification requirements of the annuity contract. Plaintiff contended that the decedent "signed," "dated," and "submitted" the COB form during his lifetime and, therefore, *did all that he reasonably could do to meet the conditions of the policy*."

The trial court held a hearing on the parties' motions. At the start of the hearing, the trial court stated: "I know the facts. It's really a legal argument I would think." Both parties' counsels agreed that the issue before the trial court was a legal one. After hearing both parties' arguments, the trial court issued the following ruling on the record:

> Okay. I think, as you indicated, page 13 of the annuity contract clearly states you named the beneficiary while the annuitant is alive. You may change the beneficiary by notifying us. However, a change will take effect on the date we receive the notice. That can't be any clearer. [The decedent] died on October 8th. The notice was not received until October 9th.

> Now, I know there was speculation certainly by–by both sides. The change of beneficiary form has got this handwritten note on it that says mailed out. I don't know why you'd have that handwritten note on it that says mailed out and then have it faxed to the insurance company the next day unless it was kind of CYA. I'm not saying that's what happened but I suspect that's what happened.

> I think, again, and I mean there's a difference between if I give you a notice of a hearing it's effective when I mail it. If I'm trying to serve you it's not effective until you receive it and I think that is true in this case. I think the contract is crystal clear. The change doesn't take effect until the date they receive the notice. There's nothing before the Court that shows that they received the notice any day before October 9th. Accordingly, I do grant summary disposition in favor of the [appellee].

On March 18, 2016, the trial court entered an order granting appellee's motion for summary disposition. Appellant now appeals as of right.

-3-

## II. ANALYSIS

"We review de novo a trial court's grant of summary disposition." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(10) is proper if "the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is . . . entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). In addition:

> We review de novo, as a question of law, the proper interpretation of a contract. Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement. When interpreting a contract, our primary obligation is to give effect to the parties' intention at the time they entered into the contract. To do so, we examine the language of the contract according to its plain and ordinary meaning. If the contractual language is unambiguous, courts must interpret and enforce the contract as written[.] [*Innovation Ventures*, 499 Mich at 507 (internal citations and quotation marks omitted).]

The trial court did not err in granting summary disposition in favor of appellee because there was no genuine issue of material fact as to whether the decedent substantially complied[2] with the annuity contract. As noted earlier in this opinion, the pertinent language from the annuity contract reads as follows:

> You named the Beneficiary in the Application. While the Annuitant is alive You may change the Beneficiary by Notifying Us. A change will take effect on the date We receive Notice. Any change is subject to payment or other action We take before receiving notice.

In granting summary disposition for appellee, the trial court correctly recognized that this provision provides that in order for the decedent to change the beneficiaries of his annuity contract, plaintiff was required to receive notification of the change while the decedent was alive.

Although the record is not as developed as we might prefer, both parties sought summary disposition, and neither argued that there was a genuine issue of material fact warranting further discovery or trial.[3] And, based on the record before us, there was no substantial compliance. As

---

[2] "It is well settled in Michigan that substantial compliance with change-of-beneficiary requirements is sufficient to effect a substitution." *Aetna Life Ins Co v Brooks*, 96 Mich App 310, 315; 292 NW2d 532 (1980).

[3] At one point during oral argument before the trial court, appellant's counsel briefly questioned whether appellee was questioning the authenticity of plaintiff's letter, but once the trial court

noted, the contract required that while the decedent was alive he could change the beneficiary. But contrary to appellant's position, simply making the change to the beneficiary form prior to decedent's death is not enough to comply with the contract. Rather, the contract provides that the change that must occur while decedent is alive is only effective when received by plaintiff. In other words, the completed and signed COB form does not effectuate the change that must occur while decedent is alive; instead, the change is the completed and signed COB form being received by plaintiff. Because the only evidence supplied by the parties regarding whether plaintiff received the COB form is the letter from plaintiff, and that letter indicates that the form was not received until the day after decedent passed away,[4] summary disposition was properly entered for appellee.

Receipt of the COB form the day after decedent died, even though it was signed and dated prior to his death, did not constitute substantial compliance with the contract. As stated by the Michigan Supreme Court,

> where the contract of insurance outlines the manner or method by which beneficiaries may be designated or changed, the steps or formalities so stipulated must be at least substantially complied with, it being quite generally conceded that in such a case a designation can be made effective only by following the policy provisions and by conforming to the manner or mode specified in the contract. [*Dogariu v Dogariu*, 306 Mich 392, 398; 11 NW2d 1 (1943) (internal citation and quotation marks omitted).]

Here, the contract states, in pertinent part, "While the Annuitant is alive You may change the Beneficiary by Notifying Us." The contract defines "Notifying" as "Written requests and information We receive at Our Home Office, at address shown on Page I, that You sign and We accept." It defines "We," "Our," and "Us" as "American Equity Investment Life Insurance Company." Thus, pursuant to the decedent's annuity contract, in order to change the beneficiary, the decedent needed to sign *and submit* a request to change his beneficiaries to plaintiff's home office, and plaintiff needed to "receive" and "accept" that request. Here, however, it is undisputed that the decedent signed the COB form, but the only evidence about it being sent to, or received by, plaintiff, was plaintiff's letter indicating the form was not received until October 9. Consequently, decedent did not substantially comply with the annuity contract's COB provision, as he did not do all in his power to comply with the contract's provisions. See, e.g., *Harris v Metro Life Ins Co*, 330 Mich 24, 27-28; 46 NW2d 448 (1951) (holding that an insured had substantially complied with a policy's change of beneficiary provision when he "did all in his power to effect the change in the manner prescribed in the policy" and "[n]othing remained but the performance of a formality, a ministerial act, by the employer or insurance company").

indicated that it did not take that to be appellant's position, counsel returned to his position that this was a straight contract question for the court to resolve.

[4] The markings on the COB form received by plaintiffs on October 9, clearly indicate that it was faxed on October 9, 2015, one day after the decedent's passing. As such, the only COB form that plaintiff definitively received was not sent during the decedent's lifetime.

Appellant argues that a genuine issue of material fact exists as to whether the decedent's COB form was mailed to plaintiff on September 18, 2015, as the note at the top of the COB form states "—COPY— mailed 9-18-15." The note does not create a genuine issue of material fact because: it does not indicate that the COB form was mailed to plaintiff; it does not indicate that it was mailed by the decedent or with his permission; no evidence was submitted that decedent wrote the note; and there is no indication that this note was not placed on the form immediately before it was faxed as, to borrow the trial court's terminology, a "kind of CYA." The note merely indicates that the COB form was "mailed" by some other unknown person to some unknown person or entity, on September 18, 2015. As a result, that note does not contradict plaintiff's letter that the COB form was not received until October 9, the day after decedent passed away.

We also reject appellant's contention that she is entitled to summary disposition because the decedent filled out the COB form prior to his death and plaintiff was notified of the change no later than October 9, 2015. "[T]he mere unexecuted intention to change the beneficiary is not sufficient to effectuate such a change." *Gignac v Columbian Nat'l Life Ins Co*, 321 Mich 201, 203; 32 NW2d 442 (1948); *Aetna Life Ins Co v Mallory*, 291 Mich 701, 706; 289 NW 302 (1939) ("It is also the rule that an unexecuted intention of the insured to change a beneficiary will not be sufficient."); *Reed v Metro Life Ins Co*, 269 Mich 26, 31; 256 NW 610 (1934) (citation and quotation marks omitted) ("It is generally held that an unexecuted intent to substitute a new beneficiary is not equivalent to an actual substitution[.]"). As such, if the decedent filled out the COB form with the intent to change his beneficiaries but he did not submit the form, then his intent alone was insufficient to effectuate a COB. Rather, the COB form needed to be submitted to plaintiff in order for the change to be effective. See *Harris*, 330 Mich at 27-28.

This leads us to the dissent. Our dissenting colleague makes many good points, but we have two fundamental disagreements with the dissenting opinion. First, accepting appellant's position that the note at the top of the COB form was written by decedent, appellant still did not create a genuine issue of material fact. That is so because the remainder of appellant's argument is premised solely on speculation, i.e., that it was mailed to and received by American Equity. There is no evidence from which to glean that position, and no affidavit was provided by appellant to the circuit court to establish that proper facts could be obtained to support that position. See MCR 2.116(H), and *Hyde v Univ of Mich Regents*, 226 Mich App 511, 519; 575 NW2d 36 (1997) ("Although plaintiff stated that 'further discovery will very likely shed additional light on these questions,' plaintiff failed to show by affidavit that further development would support his claims."). Second, and relatedly, substantial compliance might have been met-or at least the issue could have been sent to the jury-if there was evidence that decedent (or someone on his behalf) did send the form to American Equity, thus doing what he could have done to comply. But as noted, we conclude that there is no evidence from which a proper inference can be made to support that position. And merely filling out a form is not substantial compliance when the contract requires that it be received by the insurer.

Affirmed.  Appellee may tax costs, having prevailed in full.  MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Christopher M. Murray