*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SECURITY MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK,

   Plaintiff-Appellee,

v

JAMILA AQUILA AMIRA-BELL,

   Defendant-Appellant,

and

ANIYA BELL YOUNG, by Next Friend AISHA
YOUNG, KENNEDY LOYD BELL, by Next Friend
LAKIYA LOYD, CAROL BRAY, by Next Friend
MICHAEL BRAY, TODD E. BRIGGS, Personal
Representative of the ESTATE OF OMARI
KAMAU BELL, and KAMARI BLACK,

   Defendants-Appellees.

.

FOR PUBLICATION
July 21, 2022
9:30 a.m.

No. 357105
Wayne Probate Court
LC No. 2020-860910-CZ

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

   This case arises out of a probate dispute regarding insurance benefits owed by plaintiff, Security Mutual Life Insurance Company of New York, as a result of the death of its insured, Omari Kamau Bell. On November 19, 2020, Security Mutual Life Insurance filed a complaint for interpleader, requesting the trial court determine the proper beneficiaries of Bell's five insurance policies because Bell's estate and Bell's sister, defendant Jamila Aquila Amira-Bell, claimed competing interests in the benefits. On April 23, 2021, the trial court entered an opinion and an order determining Bell's estate was the proper beneficiary of the insurance policies. Amira-Bell appeals as of right, arguing the trial court improperly found Bell substantially complied with Security Mutual Life Insurance's beneficiary change provisions because Bell did not do everything in his power to effectuate the change. For the reasons stated in this opinion, we reverse the trial

court's order and remand for entry of an order releasing the insurance benefits to the five original beneficiaries.

## I. BASIC FACTS

On December 9, 2018, Bell named five individuals as equal beneficiaries to his insurance policies through Security Mutual Life Insurance. On December 20, 2018, Security Mutual Life Insurance sent Bell five letters indicating it accepted Bell's beneficiary designations on each policy. Thereafter, on January 31, 2019, Bell completed five beneficiary designation change forms requesting to alter the beneficiaries on each insurance policy. On the change-of-beneficiary forms, he requested Security Mutual Life Insurance name his estate as his sole beneficiary. However, Bell also listed Michigan Guardian Services as a beneficiary, both as a trust and as a business, and Bell indicated Michigan Guardian Services was to receive 100% of the benefits in each separate capacity.

On February 7, 2019, Security Mutual Life Insurance sent Bell—at the address of Bell's guardian—five letters indicating it could not process the change in beneficiaries because the respective percentages did not equal 100%. Security Mutual Life Insurance requested Bell submit new beneficiary designation forms that properly allocated the benefits, and Security Mutual Life Insurance advised Bell that the five original beneficiaries remained the beneficiaries on each policy. On November 6, 2019, approximately nine months after being advised that his requests for a change of beneficiaries had been rejected, Bell died without having completed new change-of-beneficiary forms.

After Bell's death, Security Mutual Life Insurance and the personal representative of Bell's estate requested the trial court determine the proper beneficiaries under the insurance policy. The trial court found Security Mutual Life Insurance improperly denied Bell's beneficiary designation because Bell clearly intended to name his estate as the sole beneficiary, and Bell substantially complied with the beneficiary change provisions by indicating such on the relevant forms. The trial court accordingly released the insurance benefits to Bell's estate.

## II. CHANGE OF BENEFICIARY

### A. STANDARD OF REVIEW

Amira-Bell argues the trial court improperly found Bell substantially complied with Security Mutual Life Insurance's beneficiary change provisions because Bell did not do everything in his power to effectuate the change. This Court reviews for an abuse of discretion a probate court's dispositional rulings and it reviews for clear error a probate court's factual findings. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). "An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id.* (quotation marks and citation omitted).

B. ANALYSIS

"It is well settled in Michigan that substantial compliance with change-of-beneficiary requirements is sufficient to effect a substitution." *Aetna Life Ins Co v Brooks*, 96 Mich App 310, 315; 292 NW2d 532 (1980).[1]  Under this threshold,

> where the contract of insurance outlines the manner or method by which beneficiaries may be designated or changed, the steps or formalities so stipulated must be at least substantially complied with . . . [because] in such a case a designation can be made effective only by following the policy provisions and by conforming to the manner or mode specified in the contract. [*Dogariu v Dogariu*, 306 Mich 392, 398; 11 NW2d 1 (1943) (quotation marks and citation omitted).]

See also *Innovation Ventures v Liquid Mfg*, 449 Mich App 491, 507; 885 NW2d 861 (2016) (explaining courts must "examine the language of the contract according to its plain and ordinary meaning," and "[i]f the contractual language is unambiguous, courts must interpret and enforce the contract as written . . . .") (quotation marks and citations omitted); *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 62; 903 NW2d 197 (2017) ("[A]n insurance contract must be enforced in accordance with its terms.") (quotation marks and citation omitted).  "When an insured *has done all he can to change a beneficiary*, the original beneficiary loses all rights under the policy." , citing *Quist v Western & Southern Life Ins Co*, 219 Mich 406, 409; 189 NW 49 (1922) (emphasis added).

The question on appeal is whether Bell substantially complied with Security Mutual Life Insurance's beneficiary designation provisions.  Based on our review of the relevant caselaw, we conclude that he did not.

In *Aetna Life Ins Co*, this Court examined compliance with a provision stating the insured may change his designated beneficiary "by written request filed . . . [with] the insurance company" and that "[s]uch designation or change shall take effect on the date of designation of such request, whether or not the [insured] be living at the time of such filing."  (quotation marks omitted).  The insured in that case "attempted to comply with the provision by indicating his change in beneficiary in written form," but the insurer never received the delivered form.  *Id.*  The *Aetna Life Ins Co* Court held the insured substantially complied with the beneficiary change provision because, although the insured used the wrong form to make his request and although the form was never

---

[1] Although this Court is not required to follow cases decided before November 1, 1990, see MCR 7.215(J)(1), a published case decided by this Court "has precedential effect under the rule of stare decisis," MCR 7.215(C)(2).  See also *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (stating that although this Court is not "strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990," those opinions are nonetheless "considered to be precedent and entitled to significantly greater deference than are unpublished cases.").

received by the insurer, the policy only required that the insured make a written request to change his beneficiary designation. *Id*. at 316.

We consider persuasive this Court's decision in *American Equity Investment Life Ins Co v Bitto*, unpublished per curiam opinion of the Court of Appeals, issued September 28, 2017 (Docket No. 332203).[2] In that case, this Court held an insured failed to substantially comply with the insurer's beneficiary designation provision merely by completing and signing the relevant form because the policy required the insurer to *receive* the form for the change to take effect. *Id*. at 4-5. The *Bitto* Court reasoned the insured failed to "do all in his power to comply with the contract's provisions" because the evidence demonstrated the insured *signed* the form before his death, and the insurer *did not receive* the form until after his death. *Id*. at 5. Although it was clear the insured intended to effect the change in his beneficiary, the *Bitto* Court noted, " '[t]he mere unexecuted intention to change the beneficiary is not sufficient to effectuate such a change.' " *Id*. at 6, quoting *Gignac v Columbian Nat'l Life Ins Co*, 321 Mich 201, 203; 32 NW2d 442 (1948). Consequently, the *Bitto* Court concluded "merely filling out a form is not substantial compliance when the contract required that it be received by the insured." *Id*.

Also persuasive is this Court's decision in *In re Estate of Pellegrini*, unpublished per curiam opinion of the Court of Appeals, issued June 15, 2017 (Docket No. 332285). In *Pellegrini*, this Court held the insured substantially complied with the insurer's beneficiary designation provision by mailing a signed form unequivocally expressing her intent to change her beneficiary. *Id*. at 3-4. The Court noted the insurer's policy required only a "signed written request" to effectuate a beneficiary modification, so the insured's failure to accurately and fully complete the form was irrelevant. *Id*. at 3. Conversely, in *Mazaitis v Noel*, unpublished per curiam opinion of the Court of Appeals, issued October 11, 2005 (Docket No. 253959), p 3, this Court held the insured did not do "all that he could to execute an appropriate change of beneficiary form" because he failed to utilize the appropriate language and procedure to make the change, despite doing so multiple times before.

Taken together, the above cases make clear that determining whether an insured substantially complied with a change-of-beneficiary provision in an insurance policy requires an individualistic examination of the specific policy at issue. That is, what constitutes substantial compliance under one policy may not qualify as substantial compliance under another.

Here, Bell's insurance policies expressly required Security Mutual Life Insurance to approve Bell's designation of beneficiaries. Consequently, under the terms of the specific policy in this case, any intended beneficiary designation is invalid if Security Mutual Life Insurance disapproves such designation. Accordingly, even though the trial court did not clearly err by finding that Bell's handwritten notes on the January 2019 beneficiary designation forms demonstrated Bell's clear intent to name his estate as his sole beneficiary, such intent does not necessarily mean that he substantially complied with the change-of-beneficiary provision in his

---

[2] Unpublished cases by this Court are "not precedentially binding under the rule of stare decisis," MCR 7.215(C)(1); however, they may be used as persuasive authority, *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

insurance policies. Indeed, as explained by our Supreme Court in *Prudential Ins Co of America v Irvine*, 338 Mich 18, 28; 61 NW2d 14 (1953):

> To hold that, without substantial compliance with the provisions of the policy relative to change of beneficiary, an insured by his will alone, could change such beneficiary, would open the door to possible fraud and irregularities and would create uncertainty tending to interfere with the customary practice of prompt payment. We are convinced that in the absence of a showing of substantial compliance with the policy's requirements, the will of the insured, standing alone, should not effect a change of beneficiary. [Quotation marks and citation omitted.]

See also *Gignac*, 321 Mich at 203 ("[T]he mere unexecuted intention to change the beneficiary is not sufficient to effectuate such a change."). Rather, as explained by the above cases, it is the insured's compliance with the specific policy provisions that matters.

In this case, Bell incorrectly completed the beneficiary designation forms by apportioning 100% of his benefits to Michigan Guardian Services as two distinct beneficiaries: once as a trust and once as a business. Bell did so after he already indicated his estate was to serve as his primary beneficiary. Bell's erroneous completion of these forms is apparent on their face, which is the reason that Security Mutual Life Insurance denied the beneficiary designation. Security Mutual Life Insurance timely informed Bell it denied the beneficiary designation, explained it did not know how to apportion Bell's designated beneficiaries because of the error, requested Bell recomplete an accurate beneficiary designation form, and advised Bell his five original beneficiaries would remain as such until Security Mutual Life Insurance is able to approve an appropriate beneficiary designation at Bell's request. Thereafter, Bell did not resubmit any beneficiary designation form for over nine months, at which point he died having left unaltered the five original beneficiary designations. During that time, Bell could have done more to effectuate his desired beneficiary modification, but he did not. As a result, it is apparent that Bell failed to "do all in his power to comply with the contract's provisions" by resubmitting appropriately completed beneficiary designation forms. *Bitto*, unpub op at 5; see also *Aetna Life Ins Co*, 96 Mich App at 315-316 (stating that an original beneficiary loses all rights under a policy if an "insured has done all he can to change a beneficiary."). In other words, because Bell failed to comply with the "manner or method by which beneficiaries may be designated or changed" under the specific terms of the insurance policies—e.g., by obtaining Security Mutual Life Insurance's approval of his beneficiaries—his attempt to modify his beneficiaries was ineffective, regardless of how clearly he intended to do so. See *Dogariu*, 306 Mich at 398.

We note that the trial court correctly concluded, Bell's erroneous designation of Michigan Guardian Services as a beneficiary had no legal effect because fiduciaries cannot benefit from their wards' estates. See MCL 700.1214. Regardless of whether such impossible beneficiary designations *generally* can be ignored and severed, there was no valid beneficiary designation from which to sever the invalid designation. Bell's attempt to modify his beneficiaries failed the moment Security Mutual Life Insurance denied the January 2019 beneficiary designations, meaning any intent clearly expressed therein is irrelevant because it was repudiated by the denial of the designations. As such, the entirety of each beneficiary designation form was invalid, and no parts could be severed from any other parts as successful beneficiary designations. The only

way Bell's intent could have been fulfilled was if he resubmitted other forms that listed his estate as the sole beneficiary, which he failed to do.

Bell's estate also argues the issue of whether Bell could have done more to effectuate the change is improper on appeal because Security Mutual Life Insurance sent the denial letters to Michigan Guardian Services, not directly to Bell. Bell's estate contends that there is nothing in the record to show that Bell was ever notified that he was not successful in his attempt to change his beneficiaries. We conclude that, although the question of whether Bell's guardian had a duty to ensure Bell responded to this letter was unexplored in the trial court, it is ultimately irrelevant on appeal. Under the terms of the policy, Security Mutual Life Insurance may disapprove any beneficiary designations that do not comply with its rules and regulations, and Bell's request to modify his beneficiaries violated those rules by failing to appropriately allocate the beneficiaries' respective percentages. Bell's estate has not presented any evidence demonstrating anything in the policy limited Security Mutual Life Insurance's approval or disapproval to instances in which the insured was offered, or accepted, an opportunity to rectify the issue. Security Mutual Life Insurance fulfilled its duty by providing notice to Bell, through his guardian, that the beneficiary designations were denied and that the original beneficiary designations remained unaltered. Any action by either party after that point is irrelevant as to whether the original beneficiaries remained in place at the time Security Mutual Life Insurance denied the beneficiary designations.

## III. CONCLUSION

In sum, Security Mutual Life Insurance properly denied Bell's January 2019 beneficiary designations for failing to comply with Security Mutual Life Insurance's rules and regulations. Thereafter, Bell failed to substantially comply with the policy's provisions by resubmitting appropriately completed beneficiary designation forms before his death. Bell's five original beneficiaries accordingly remained in place at the time of his death. Consequently, the trial court erred by holding Bell's estate was the correct beneficiary to the insurance benefits.

Reversed and remanded for entry of an order releasing the insurance benefits to the five original beneficiaries. We do not retain jurisdiction. Amira-Bell may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

-6-